**SOUTHERN UTAH WILDERNESS ALLIANCE, INC., Plaintiff,**

v.

**Donald HODEL, Secretary, U.S. Department of the Interior, Defendant.**

Civ. A. No. 87–2594.

United States District Court, District of Columbia.

Feb. 23, 1988.

Michael Axline, John E. Bonine, Eugene, Or., Lynne Bernabei, Deborah S. Katz, Washington, D.C., for plaintiff.

Catherine J. Lanctot, Laimie J. Simon, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This is a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, dispute which is before the Court on cross-motions for summary judgment. The Department of the Interior opposes plaintiff's request for the names and addresses of persons who have visited seven national parks since January 1, 1986. The information exists in trailhead and visitor registers and special-use permits. Plaintiff Southern Utah Wilderness Alliance, Inc., a non-profit corporation, is concerned with environmental threats to the parks it perceives may be caused by nuclear waste dumps, coal strip-mining, dams and certain types of commercial developments being fostered on public lands.

It desires to alert users of the parks to these threats. The Department rejected plaintiff's request on the ground the information would constitute an unwarranted invasion of personal privacy, citing Exemption 6 of FOIA. 5 U.S.C. § 552(b)(6).

The Department maintains visitor center and trailhead registers and special-use permit records to monitor and control access to the national parks, to measure impact on the parks from their use, and to communicate with park visitors. It uses the raw data provided to perform statistical analyses, to protect park visitors, to aid in emergency situations, and to disseminate safety information. It is concerned that disclosure of the names and addresses will either deter the public from using the parks or will result in visitors avoiding registration, thus endangering users and threatening the security of the parks.

Exemption 6 permits withholding of "personnel and medical files and similar files" where disclosure would cause "a clearly unwarranted invasion of personal privacy." *Id.* The Supreme Court in *United States Department of State v. Washington Post Co.* held that all information which "applies to a particular individual" falls within the scope of Exemption 6, regardless of the type of file it is contained in. 456 U.S. 595, 602, 102 S.Ct. 1957, 1962, 72 L.Ed.2d 358 (1982). Here, the information sought consists of the names and addresses of park users. Clearly, this information applies to particular individuals.

Whether or not its disclosure constitutes "a clearly unwarranted invasion of personal privacy" requires the Court to balance the public interests served by disclosure against the harm caused to privacy interests. *Reporters Committee for the Freedom of the Press v. United States Department of Justice,* 816 F.2d 730, 737 (D.C.Cir. 1987). The privacy interest implicated is that of the individuals whose names and addresses are recorded by the park service incident to the use of public parks. On the other hand, the public interest to be balanced is not solely the special interests and purpose of the requestor. The broad, general purpose of FOIA is to enable "any

person" to request disclosure without having to make a showing that he was "properly and directly concerned with the information." *See* H.Rep. No. 1497 at 1, 6, 8, 89th Cong., 1st Sess. 9 (1967); S.Rep. No. 813 at 5, 89th Cong., 1st Sess. 9 (1967), U.S.Code Cong. & Admin.News 1966, pp. 2418, 2426. Thus, "[t]he interest in disclosure to the public" is "characterized by showing the uses contemplated by some members of the public specifically, but not exclusively," that of the specific requestor. *Ditlow v. Shultz,* 517 F.2d 166, 172 n. 21 (D.C.Cir.1975).

The burden is, of course, upon the Department to establish that release of the names and addresses in this instance "would constitute a clearly unwarranted invasion of personal privacy." This is not a light burden. The Act itself contains a general presumption favoring disclosure; and, in addition to this general presumption, the "clearly unwarranted" language of Exemption 6 itself reflects "a carefully considered congressional policy favoring disclosure" which instructs the Court to tilt the balance in favor of disclosure." *Id.* at 169.

In examining the privacy interest of the individual's concerned, it is difficult to be certain that any significant invasion of privacy is involved. The Supreme Court has stated that "Congress' primary purpose in enacting Exemption 6 was to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Department of State v. Washington Post Co.,* 456 U.S. at 599, 102 S.Ct. at 1960. The personal information sought here will disclose only that an individual visited a national park open to the public. Surely this carries no opprobrium and is hardly even a private matter. If the records occasionally show an accident or health problem involving a visitor, such information can be excised. The invasion of privacy, therefore, is minimal.

Moreover, the Department has not taken any precaution to assure privacy at the time the information was obtained nor is there any showing that any visitor has requested privacy. The current registers have always been open to public inspection by visitors at the parks and it is apparent that in some cases visitors have supplied addresses with their registration even though not always requested to do so. Furthermore, this Circuit has held that the "injury and embarrassment" must be found in the material itself, as released, because Exemption 6 does not take into account unsubstantiated speculation about possible secondary effects that may follow release. *Arieff v. United States Department of the Navy,* 712 F.2d 1462, 1468 (D.C.Cir.1983).

On the other side of the balance, there is a presumption favoring release at the outset. The basic purpose of FOIA is an "informed citizenry." *NLRB v. Robbins Tire,* 437 U.S. 214, 242, 98 S.Ct. 2311, 2327, 57 L.Ed.2d 159 (1978). Indeed, providing information "material for monitoring the Government's activities" is a "core purpose" of FOIA (*Ditlow v. Shultz,* 517 F.2d at 172 n. 2); and that is exactly what underlies the plaintiff-requestor's purpose here—the general public interest in "the exposure of agency action to public inspection and oversight." *Department of Air Force v. Rose,* 425 U.S. 352, 360–61, 96 S.Ct. 1592, 1598–99, 48 L.Ed.2d 11 (1976).

The public interest purpose underlying plaintiff's alleged intended use of the information serves only as specific instance of the public interest in such information generally. As previously mentioned, plaintiff is concerned with environmentally harmful developments that threaten the region's National Parks and other public lands. It desires the names and addresses from trailhead and visitor registers and special-use permits in order to alert users of the parks to these threats. The United States Court of Appeals for the First Circuit has stated: "Information whose disclosure would be socially beneficial in the hands of an altruistic defender of the public's rights cannot, without a showing of a significant invasion of privacy, be withheld from anyone." *Aronson v. United States Department of Housing and Urban Development,* 822 F.2d 182, 185–86 (1st Cir.1987). Certainly, names and addresses of those

who use and enjoy the parks would serve the public interest when in the hands of any member of the general public sufficiently interested in maintaining a citizenry concerned and informed about the parks and the actions of the Department and others affecting the operation and perpetuation of the parks. Obviously, park visitors have an especially ardent interest in the maintenance and welfare of park land.

The Court has pursued the traditional balancing exercise, but in fact the considerations here are so weighted in favor of disclosure that this full review was unnecessary. The Department's concerns which have been summarized previously are merely secondary and wholly speculative. The invasion of privacy here is so minimal, at best, that there is nothing to balance. The parties share a common concern. The issue is how best to protect the parks. Plaintiff is concerned with external threats at the moment; defendant does not welcome anything that might weaken internal park management. Neither of these concerns has more weight than the other. Clearly, the national policy favoring disclosure must control.

Any privacy invasion is minimal. FOIA requires disclosure. Exemption 6 does not apply. Plaintiff's motion for summary judgment is granted and defendant's cross-motion for summary judgment is denied. An appropriate Order is filed herewith.

If an appeal is not taken, the Court will set a status conference in accordance with Rule 215 of the Rules of the United States District Court for the District of Columbia.