IRVING MARGOLIS, Plaintiff-Appellee, v. THE DIRECTOR OF THE DEPARTMENT OF REVENUE, Defendant-Appellant.

First District (3rd Division) No. 1—88—1413

Opinion filed March 15, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellant.

Bernard M. Ellis, of Chicago, for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Irving Margolis, filed a complaint for a writ of mandamus, declaratory and injunctive relief requiring the Director of the Illinois Department of Revenue (hereinafter collectively defendant), to disclose to plaintiff the business names and addresses of applicants for certificates of registration to engage in retail sales in Cook County, as required under section 2a of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1987, ch. 120, par. 441a). Defendant had denied the request for that information on the ground that it was exempt from disclosure under section 7(b)(iv) of the Freedom of Information Act (Illinois FOIA) (Ill. Rev. Stat. 1987, ch. 116, par. 206). The trial court denied defendant's motion to dismiss the complaint and granted plaintiff's motion for summary judgment. Defendant appeals only the grant of plaintiff's motion.

In his request for the subject information, plaintiff expressed an interest in conducting a pilot study of "the economic impact of various factors" upon the rate of new business formation in Cook County, divided by zip codes. Plaintiff proposed to measure the rate by applications for certificates of registration. Plaintiff requested that the information be updated on a weekly basis. Finally, plaintiff opined that the information learned from the study would be of benefit to the general public if he and those involved with him were able "to find valid correlations between the variable factors."

At the hearing on defendant's motion to dismiss and plaintiff's motion for summary judgment, the trial court determined that the same question controlled both motions. That issue was whether the names and addresses of applicants for certificates of registration fell within the exemptions to the obligation to disclose information under the Illinois FOIA provided in sections 7(b)(iii) and (b)(iv). The court determined that the requested information did not fall within either of those exemptions and accordingly denied defendant's motion and granted plaintiff's.

The issue before us is thus whether the names and addresses of applicants for certificates of registration from defendant are either "personal information" or "information" as those terms are used in section 7 of the Illinois FOIA, the relevant portions of which provide:

"The following shall be exempt from inspection and copying:
(b) [i]nformation which, if disclosed, would constitute a

clearly unwarranted invasion of personal privacy, unless such disclosure is consented to in writing by the individual subjects of such information. \*\*\*
Information exempted under this subsection (b) shall include but is not limited to:

\* \* \*

(iii) files and personal information maintained with respect to any applicant, registrant or licensee by any public body cooperating with or engaged in professional or occupational registration, licensure or discipline;

(iv) information required of any taxpayer in connection with the assessment or collection of any tax unless disclosure is otherwise required by State statute \*\*\*." Ill. Rev. Stat. 1987, ch. 116, par. 207.

■ Our research revealed no Illinois cases construing the terms "personal information" or "information" as used in section 7. Substantially the same philosophy of full disclosure with limited exceptions undergirds both the Federal Freedom of Information Act (Federal FOIA) (5 U.S.C. §552 (1982)) and the Illinois FOIA. (Compare *Department of Air Force v. Rose* (1976), 425 U.S. 352, 360-61, 48 L. Ed. 2d 11, 21, 96 S. Ct. 1592, 1599, with Ill. Rev. Stat. 1987, ch. 116, pars. 201, 207.) Moreover, section 552(b)(6) of the Federal FOIA is comparable in purpose and language to section 7 of the Illinois FOIA. As such, decisions construing the Federal FOIA, while not controlling, are relevant and helpful precedents in construing the Illinois FOIA. See *Old Ben Coal Co. v. Human Rights Comm'n* (1986), 150 Ill. App. 3d 304, 501 N.E.2d 920.

Section 552(b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." (5 U.S.C. §552(b)(6) (1982).) This exemption, commonly referred to as exemption 6, was intended by Congress to protect individuals from the injury and embarrassment that could result "from the unnecessary disclosure of personal information." (*United States Department of State v. Washington Post Co.* (1982), 456 U.S. 595, 599, 72 L. Ed. 2d 358, 363, 102 S. Ct. 1957, 1960.) The Supreme Court in *Washington Post Co.* did not explicitly define the "personal information" which exemption 6 was intended to protect. However, we believe it implicitly did so in also noting that exemption 6 was intended to cover government records on an individual which could be identified as applying to that individual. *Washington Post Co.*, 456 U.S. at 602, 72 L. Ed. 2d at 364, 102 S. Ct. at 1961.

██ The Federal FOIA thus exempts from disclosure personal information, *i.e.*, information which could identify a particular individual, where disclosure would result in a clearly unwarranted invasion of personal privacy. Applying the *Washington Post Co.* definition of personal information to that term in section 7(b)(iii) and to "information required of a taxpayer" in section 7(b)(iv), we conclude that those provisions are concerned with information from which a particular individual can be identified.

██ Obviously, the names and addresses of applicants for certificates of registration from defendant identify particular individuals. That information thus meets the threshold requirement for exemption under sections 7(b)(iii) and (b)(iv). That is, as to persons who apply for, but do not receive, certificates of registration from defendant, it is personal information maintained with respect to them. As to persons who do receive certificates, it is also information required of a taxpayer in connection with the assessment or collection of a tax. In this regard, the fact that plaintiff did not request that defendant distinguish those applicants who do and who do not receive certificates of registration is irrelevant. Where certificates are issued, personal information maintained with respect to applicants becomes information required of a taxpayer. As such, it is exempt from disclosure under section 7(b)(iv) regardless of whether defendant would indicate that the person whom the information identifies is a taxpayer rather than a mere applicant for a certificate of registration.

Buttressing our conclusions is the treatment which Federal courts have given requests for names and addresses of particular individuals under the Federal FOIA since *Washington Post Co.* In *Van Bourg, Allen, Weinberg & Roger v. National Labor Relations Board* (9th Cir. 1984), 728 F.2d 1270, the plaintiff sought a list of the names and addresses of all employees who had been eligible to vote in a union representation election conducted by the defendant board. The court held that the list met the threshold requirement of exemption 6 of the Federal FOIA, *i.e.*, it was a government record which contained information that applied to particular individuals. *Van Bourg*, 728 F.2d at 1273. Accord *Minnis v. United States Department of Agriculture* (9th Cir. 1984), 737 F. 2d 784, 786, *cert. denied* (1985), 471 U.S. 1053, 85 L. Ed. 2d 477, 105 S. Ct. 2112 (names and addresses of all persons applying to travel federally protected river in 1983); *DiPersia v. United States R.R. Retirement Board* (D. Conn. 1986), 638 F. Supp. 485, 489 (names and addresses of all Connecticut residents contributing to Federal Railroad Retirement Fund); *Multnomah*

*County Medical Society v. Scott* (9th Cir. 1987), 825 F.2d 1410, 1413 (names and addresses of all medicare beneficiaries in Portland, Oregon, metropolitan area); *Southern Utah Wilderness Alliance, Inc. v. Hodel* (D.D.C. 1988), 680 F. Supp. 37, 38 (names and addresses of persons visiting seven national parks since January 1986).

Defendant asserts that the information which plaintiff requested is *per se* exempt from disclosure under section 7(b). (*Copley Press, Inc. v. City of Springfield* (1986), 143 Ill. App. 3d 370, 493 N.E.2d 127.) *Copley Press* held that once a determination is made that information falls within one of the specifically enumerated categories of section 7(b) there is no need to show that its disclosure would constitute a clearly unwarranted invasion of personal privacy. (*Copley Press*, 143 Ill. App. 3d at 372-73.) In view of *City of Monmouth v. Galesburg Printing & Publishing Co.* (1986), 144 Ill. App. 3d 224, 494 N.E.2d 896, and the construction placed by the Federal courts upon the similarly worded exemption 6 of the Federal FOIA, we believe that the *Copley Press* court misconstrued section 7 of the Illinois FOIA.

*Galesburg Printing* construed section 7(b)(v) of the Illinois FOIA, dealing with information revealing the identity of persons filing complaints with government agencies. The court construed that section as exempting such information from disclosure only if the general requirement of section 7(b) of a clearly unwarranted invasion of privacy was met in the particular case at issue. It further held that this construction was consistent with the public policy behind the Illinois FOIA, as stated in section 1. (Ill. Rev. Stat. 1987, ch. 116, par. 201.) Finally, it noted that the opposite construction would render the statute unconstitutional as an overbroad attempt to serve a compelling State interest. *Galesburg Printing*, 144 Ill. App. 3d at 226-28.

Under the Federal FOIA, "[w]hen disclosure of information which applies to a particular individual is sought from Government records, courts must determine whether release of the information would constitute a clearly unwarranted invasion of that person's privacy." (*United States Department of State v. Washington Post Co.* (1982), 456 U.S. 595, 602, 72 L. Ed. 2d 358, 364-65, 102 S. Ct. 1957, 1961-62.) To make that determination the Federal courts balance the public interests served by disclosure against the harm caused to privacy interests. (*Department of Air Force v. Rose* (1976), 425 U.S. 352, 372-73, 48 L. Ed. 2d 11, 27-28, 96 S. Ct. 1592, 1604-05; *Getman v. National Labor Relations Board* (D.C. Cir. 1971), 450 F.2d 670, 674.) Specifically, they balance four factors in the determination: (1) the plaintiff's interest in disclosure; (2) the public interest in disclo-

sure; (3) the degree of the invasion of personal privacy; and (4) the availability of alternative means of obtaining the requested information. *Minnis v. United States Department of Agriculture* (9th Cir. 1984), 737 F.2d 784, 786, *cert. denied* (1985), 471 U.S. 1053, 85 L. Ed. 2d 477, 105 S. Ct. 2112; *Multnomah County Medical Society v. Scott* (9th Cir. 1987), 825 F.2d 1410, 1413.

 Section 7 of the Illinois FOIA employs substantially the same language and the same standard as section 552(b)(6) of the Federal FOIA. As such, we adopt what the Federal courts have held with respect thereto as applicable to the Illinois FOIA. In this case, the trial court ruled that the information plaintiff sought did not fall within either section 7(b)(iii) or section 7(b)(iv). Therefore, it did not determine whether disclosure would result in a clearly unwarranted invasion of personal privacy by balancing the appropriate factors. Neither the record nor the briefs of the parties are adequate for this court to make that determination. We will therefore remand this cause to allow the parties and the trial court to address that issue.

 Lastly, we address defendant's motion to strike plaintiff's brief for failure to comply with the format requirements of Supreme Court Rule 344(b) (107 Ill. 2d R. 344) and for its inclusion of matter *dehors* the record. (See *Silny v. Lorens* (1979), 73 Ill. App. 3d 638, 392 N.E.2d 267.) As it is addressed to our discretion and as the record in this case is short and the facts uncomplicated, we deny defendant's motion. *Silny*, 73 Ill. App. 3d at 643.

For all of the reasons stated herein, the order granting plaintiff's motion for summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

McNAMARA and WHITE, JJ., concur.