PAUL STASKE, Plaintiff-Appellee, v. THE CITY OF CHAMPAIGN, Defendant-Appellant.

Fourth District   No. 4—88—0748

Opinion filed April 28, 1989.—Modified on denial of rehearing June 14, 1989.

Frederick C. Stavins, City Attorney, of Champaign (Rochelle A. Funderburg, Assistant City Attorney, of counsel), for appellant.

Mark D. Lipton, of Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, P.C., of Champaign, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

The defendant City of Champaign appeals from an order of the circuit court of Champaign County entering summary judgment in favor of the plaintiff Paul Staske and against the defendant, and enjoining the defendant from refusing to disclose witness information and statements contained in a traffic accident report which had been requested by the plaintiff under the Freedom of Information Act (FOIA) (Ill. Rev. Stat. 1987, ch. 116, par. 201 et seq.). For the reasons that follow, we reverse.

The plaintiff Paul C. Staske was involved in a traffic accident that occurred on May 2, 1988. On May 16, 1988, the plaintiff filed an FOIA request with the defendant City of Champaign (City), requesting a copy of the Champaign police traffic accident report concerning the aforementioned accident. (Ill. Rev. Stat. 1987, ch. 116, par. 201 et seq.) On May 16, 1988, the City delivered a copy of the accident report to the plaintiff but informed the plaintiff that it was unable to comply with the plaintiff's request in its entirety and that certain portions of the report were deleted. (Ill. Rev. Stat. 1987, ch. 116, par. 209.) The information deleted from the accident report was witness information and statements. The reason given for the deletion was that this was "information which would constitute a clearly unwarranted invasion of personal privacy and for which no consent in writing by the individual involved has been received." See Ill. Rev. Stat. 1987, ch. 116, par. 207(b).

On May 26, 1988, the plaintiff filed a "Notice of Appeal To Head of Public Body From Denial of Access To Public Records" with the city manager. On May 31, 1988, the city manager, Steven C. Carter, denied disclosure of the entire accident report, stating that the deleted material was exempt from disclosure under section 7(b) of the FOIA. Ill. Rev. Stat. 1987, ch. 116, par. 207(b).

On June 9, 1988, the plaintiff filed a complaint for injunctive and declaratory relief in the circuit court of Champaign County (Ill. Rev. Stat. 1987, ch. 116, par. 211). The complaint alleged that the refusal

to disclose the deleted information: (1) was inconsistent with the provisions of section 11—416 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—416), and section 7(d)(iv) of the FOIA (Ill. Rev. Stat. 1987, ch. 116, par. 207(d)(iv)), which allow for the disclosure of such information; and (2) was contrary to public policy in that such refusal would foster unnecessary and unwarranted litigation. The complaint requested that the court enter an order enjoining the City from withholding the deleted information, requiring the City to produce the accident report in its entirety, and declaring that the plaintiff had a right of access to the report without any deletions whatsoever.

The plaintiff filed a motion for summary judgment on July 12, 1988, alleging that there was no genuine issue as to any material fact and that under the proper interpretation of section 7(b)(v) of the FOIA (Ill. Rev. Stat. 1987, ch. 116, par. 207(b)(v)), plaintiff was entitled to injunctive and declaratory relief as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) The City filed an answer to plaintiff's complaint on July 13, 1988. A hearing on plaintiff's motion for summary judgment was held on July 29, 1988.

In a written order filed September 9, 1988, the court entered summary judgment in favor of the plaintiff and against the City enjoining the City from withholding the information requested by the plaintiff. Further, the court declared that the plaintiff had a right of access to the report without any deletions and ordered the City to produce the requested report without deletions. In so ruling, the court found that there was no genuine issue of material fact and that the plaintiff was entitled to judgment as a matter of law in that disclosure of the deleted portions of the accident report would not constitute a "clearly unwarranted invasion of personal privacy" so as to exempt them from disclosure under the FOIA. The court reasoned that a reading of section 11—416 of the Code and section 7(d)(iv) of the FOIA indicated that the legislature did not intend such information to be exempt from disclosure under section 7(b)(v) of the FOIA. (Ill. Rev. Stat. 1987, ch. 116, pars. 207(b)(v), 207(d)(iv); Ill. Rev. Stat. 1987, ch. 95½, par. 11—416.) The court noted that the City had no procedures to, nor did it, contact or obtain consent or the disclosure of such information from any person whose identity it sought to protect under section 7(b)(v) of the FOIA. The court also noted that the City received a significant number of FOIA requests for information and that there was no uniformity among the various jurisdictions within the State as to how the requests were handled. The City now appeals.

The City contends on appeal that disclosure of the names, ad-

dresses, and statements of witnesses contained in the traffic accident report would constitute a clearly unwarranted invasion of the personal privacy of the witnesses and, therefore, such information is exempt from disclosure under section 7(b)(v) of the FOIA (Ill. Rev. Stat. 1987, ch. 116, par. 207(b)(v)). The plaintiff contends that a reading of the FOIA, together with a consideration of section 11—416 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—416), demonstrates that the trial court's decision was correct.

Under section 3 of the FOIA, "each public body shall make available to any person for inspection or copying all public records, except as otherwise provided in section 7 of this Act." (Ill. Rev. Stat. 1987, ch. 116, par. 203.) Section 7 specifies certain exemptions from inspection and copying, including the following:

"The following shall be exempt from inspection and copying:
***

(b) Information which, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless such disclosure is consented to in writing by the individual subjects of such information." (Ill. Rev. Stat. 1987, ch. 116, par. 207(b).)

Section 7 then lists certain types of information exempted under subsection (b), which includes but is not limited to:

"(v) information revealing the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies." Ill. Rev. Stat. 1987, ch. 116, par. 207(b)(v).

A resolution of the issue presented requires an examination of the statutes involved together with an application of the rules of statutory construction. The primary rule of statutory interpretation and construction, to which all other canons and rules are subordinate, is to ascertain and effectuate the true intent and meaning of the legislature. (*People ex rel. Hanrahan v. White* (1972), 52 Ill. 2d 70, 73, 285 N.E.2d 129, 130, *cert. denied* (1972), 409 U.S. 1059, 34 L. Ed. 2d 511, 93 S. Ct. 562.) In interpreting a statute a court must give the legislative language its plain and ordinary meaning. (*Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 381 N.E.2d 222.) If the language of the statute is plain, clear, and unambiguous and, if the legislative intent can be ascertained therefrom, it must prevail and will be given effect by the courts without resorting to other aids for construction. *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167; *Mahin*, 72 Ill. 2d 189, 381 N.E.2d 222.

The information withheld in this case included the names, addresses, and statements of witnesses contained on a traffic accident

report. Based upon the language of section 7(b)(v) (Ill. Rev. Stat. 1987, ch. 116, par. 207(b)(v)) and an application of the foregoing principles, we believe that the legislature intended such information to be included in the section 7(b)(v) exemption. We are unpersuaded by the plaintiff's contention that a reading of section 11—416 of the Code mandates a contrary result. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—416.) The language of section 11—416 is permissive in nature and contains no provision requiring complete disclosure. We are similarly unpersuaded by the plaintiff's contention that the Third District Appellate Court's opinion in *City of Monmouth v. Galesburg Printing & Publishing Co.* (1986), 144 Ill. App. 3d 224, 494 N.E.2d 896, is controlling here. We recognize the *City of Monmouth* court held that the various subsections of section 7(b) of the FOIA (Ill. Rev. Stat. 1987, ch. 116, par. 207(b)) are not *per se* exemptions, but rather a claimant must show how a claim for exemption is a clearly unwarranted invasion of personal privacy. However, we decline to follow the holding of *City of Monmouth.* We therefore conclude that the trial court erred in allowing plaintiff's motion for summary judgment.

Accordingly, the judgment of the circuit court of Champaign County is reversed.

Reversed.

LUND and GREEN, JJ., concur.