DAVID BLUMENFELD, LTD., Plaintiff-Appellant, v. THE DEPARTMENT OF PROFESSIONAL REGULATION *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—91—1876

Opinion filed January 19, 1993.—Rehearing denied February 11, 1993.

David Blumenfeld, Ltd., *pro se,* of Chicago (David Blumenfeld and William C. Coughlin, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Mark E. Wilson, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE SCARIANO delivered the opinion of the court:

On July 5, 1990, plaintiff, the law firm of David Blumenfeld, Ltd., filed a request for disclosure of information with defendant, the Illinois Department of Professional Regulation (DPR), pursuant to

the Freedom of Information Act (FOIA) (Ill. Rev. Stat. 1989, ch. 116, pars. 201 through 211). Plaintiff sought copies of, or access to, every "Notice of Disciplinary Conference" and "Notice of Informal Conference" whenever such notices are mailed by DPR to professional licensees or registrants. Plaintiff's legal practice consists mainly of representing licensees in disciplinary proceedings before DPR.

The notices are sent to licensees who are either the subject of an investigation which may result in sanctions or who have·been found to be in violation of a regulation and are to be disciplined. They consist of the names and addresses of the licensee, the location where the conferences are to take place and a brief summary of the licensee's alleged violation. They also advise the recipient that an attorney may accompany him to the conference if the licensee so desires.

The notices themselves are never published or made a part of the public record. If, after each conference, DPR and the licensee reach an accord on the alleged violation and an appropriate sanction for that violation, a consent order issues and is made available for public inspection. If the parties cannot resolve the dispute at the conference, formal charges are brought, and the formal complaint is open to public inspection. Additionally, DPR publishes the results of the informal conferences and the formal proceedings in its monthly news release and distributes it to the media. The release provides the name of the licensee, his profession, a brief summary of his violation and the sanction imposed.

DPR did not comply with plaintiff's July 5, 1990, FOIA request nor did it make any other type of response to plaintiff. Consequently, plaintiff filed a second request, this time addressing it to defendant Kevin Wright, the Director of DPR. When the Director made no response to plaintiff's request, it filed a complaint for injunctive and declaratory relief in the circuit court pursuant to section 11(a) of FOIA (Ill. Rev. Stat. 1989, ch. 116, par. 211(a)), asking the court to enjoin defendants from withholding the notices and to order their production to plaintiff on a timely basis. It also prayed for attorney fees and expenses incurred in the action.

Defendants brought a section 2—619 motion to dismiss for failure to state a cause of action[1] (Ill. Rev. Stat. 1991, ch. 110, par. 2—619), alleging that the information plaintiff sought is expressly exempted

---

[1]Defendants' invocation of section 2—619, seeking dismissal of plaintiff's action "for failure to state a cause of action" is illustrative of the confusion that abounds among practitioners when it comes to harmonizing the appropriate provision of the Code of Civil Procedure with the reasons asserted

from disclosure by FOIA. Defendants attached to their section 2—619 motion the affidavit of an official of DPR in which she stated that the notices are similar to a summons to attend an informal "off-the-record" session at which DPR and its licensee discuss possible violations and possible resolutions thereof short of a formal on-the-record process, and further, that the conferences themselves are merely part of an investigation and that their results are not intended for public use or record.

Plaintiff filed a memorandum in response to defendants' motion to dismiss and attached the affidavit of Mr. Edward Bruno, the former chief of prosecutions and deputy director of DPR, who also served as a DPR hearing officer and general counsel to its medical disciplinary board. Mr. Bruno contradicted the DPR official's affidavit, asserting instead that the conferences are conducted only after the investigations are complete and that over 50% of all discipline imposed on licensees results from the conferences. He denied that the conferences were a part of the investigation of a licensee, arguing that they were more analogous to a pretrial conference as both aim to resolve the action completely.

After accepting memoranda and hearing argument, the trial court granted defendants' motion to dismiss. In reaching its decision, the court complied with the two-step process (which will be elaborated upon more fully *infra*) for analyzing exemptions claimed under FOIA as outlined in *Margolis v. Director of Department of Revenue* (1989), 180 Ill. App. 3d 1084, 1087-88, 536 N.E.2d 827, 829, *appeal denied* (1989), 126 Ill. 2d 560, 541 N.E.2d 1107. *Margolis*, adapting Federal FOIA case law which interprets provisions similar to those contained in Illinois' FOIA, held that a reviewing court must determine if information that is personal constitutes a "clearly unwarranted invasion of personal privacy."

Applying *Margolis*, the trial court found that the information sought by plaintiff constituted an inappropriate invasion of privacy and, accordingly, granted defendants' motion to dismiss. The court also stated that it did not want to be understood as endorsing a policy

---

for its invocation. A section 2—619 motion obviously and necessarily acknowledges that the complaint states a cause of action but that certain legally recognized affirmative defenses are permitted to be asserted as a bar thereto. Here we recognize the propriety of defendants' bringing a section 2—619 motion only because they assert an affirmative defense (by way of an affidavit) in bar of what they unwittingly admit is an otherwise viable cause of action. A section 2—615 motion is, of course, the appropriate way to challenge the legal sufficiency of a complaint, and the court would be confined to an examination of that pleading alone in arriving at its determination.

of using FOIA as a means of advancing private commercial interests, especially where as here, the FOIA request would necessitate an extensive *in camera* inspection of documents on a case-by-case basis in order to apply *Margolis'* balancing test. Citing section 1 of FOIA (Ill. Rev. Stat. 1989, ch. 116, par. 201), which declares the public policy behind the Act, it went on to recognize that plaintiff's intended use of the notices (to build a client base for its legal practice) was contrary to FOIA's purpose. As a final matter, the court found no justification for plaintiff's request to have the agency waive copying costs because the court found that plaintiff made the request primarily to benefit itself, and not the public as required by FOIA. (Ill. Rev. Stat. 1989, ch. 116, par. 206(b).) Plaintiff timely filed its notice of appeal on May 31, 1991, asking this court to reverse the trial court's grant of defendants' motion to dismiss, and to direct the trial court to hold a hearing on the merits of the case.

## I

■ ■ The parties agree that the first issue we must decide concerns the proper construction of section 7(1)(b) of FOIA (Ill. Rev. Stat. 1989, ch. 116, par. 207), which exempts certain personal information from disclosure.[2] That subsection provides in pertinent part:

"(1) The following shall be exempt from inspection and copying:
\*\*\*

---

[2]Actually, plaintiff first offered the specious argument that DPR's notices of informal conferences and the notices of disciplinary conferences are not exempted by section 7(1)(b) because it addresses only information of a personal nature, and the information contained in the notices is not personal. This argument is irredeemably without merit. Every court, both Illinois and Federal, which has considered the personal information exemption of the two versions of FOIA has held that it applies to "information which could identify a particular individual." (*Margolis*, 180 Ill. App. 3d at 1088, 536 N.E.2d at 829, citing *United States Department of State v. Washington Post Co.* (1982), 456 U.S. 595, 602, 72 L. Ed. 2d 358, 364, 102 S. Ct. 1957, 1961; accord, *e.g., Healy v. Teachers Retirement System* (1990), 200 Ill. App. 3d 240, 558 N.E.2d 766; *Staske v. City of Champaign* (1989), 183 Ill. App. 3d 1, 539 N.E.2d 747; *Minnis v. United States Department of Agriculture* (9th Cir. 1984), 737 F.2d 784, 786, *cert. denied* (1985), 471 U.S. 1053, 85 L. Ed. 2d 477, 105 S. Ct. 2112; *Southern Utah Wilderness Alliance, Inc. v. Hodel* (D.D.C. 1988), 680 F. Supp. 37.) The notices plaintiff sought include the names and addresses of State licensees; and as *Margolis* noted "[o]bviously, the names and addresses of applicants \*\*\* identify particular individuals." (*Margolis*, 180 Ill. App. 3d at 1088, 536 N.E.2d at 829.) Accordingly, plaintiff's characterization of this information as not being personal is manifestly wrong and an analysis of section 7(1)(b)'s exemption is appropriate no matter which construction of the provisions of that section we apply.

(b) Information which, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless such disclosure is consented to in writing by the individual subjects of such information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to:

\* \* \*

(iii) files and personal information maintained in respect to any applicant, registrant or licensee by any public body cooperating with or engaged in professional or occupational registration, licensure or discipline." Ill. Rev. Stat. 1989, ch. 116, par. 207.

■ A difference of opinion has developed within the appellate court of this State with regard to the proper construction of this section. One view, first announced in *City of Monmouth v. Galesburg Printing & Publishing Co.* (1986), 144 Ill. App. 3d 224, 494 N.E.2d 896, and later expounded in *Margolis* (180 Ill. App. 3d 1084, 536 N.E.2d 827), set forth a two-step process to test whether personal information should be free from disclosure under section 7(1)(b) of Illinois' FOIA. *Margolis* held that information which falls within one of the enumerated categories of sections 7(1)(b)(i) through 7(1)(b)(v) has met only a threshold requirement for exemption from disclosure. If it does not fall within any of those categories, the reviewing court need look no further, as exemption from disclosure is not warranted. However, if the information meets this prefatory step, the court balances four factors in order to determine if the requested information "constitute[s] a clearly unwarranted invasion of personal privacy." Ill. Rev. Stat. 1989, ch. 116, par. 207(1)(b).

*Margolis* took the view that the privacy exemption in Illinois' FOIA and the Federal version were similar. Consequently, it adopted the balancing test explicated in *Minnis v. United States Department of Agriculture* (9th Cir. 1984), 737 F.2d 784, 786, *cert. denied* (1985), 471 U.S. 1053, 85 L. Ed. 2d 477, 105 S. Ct. 2112, which is used to determine whether "personal information" is exempt from disclosure under the Federal FOIA. The four relevant factors identified by *Minnis* are: (1) the plaintiff's interest in disclosure; (2) the public interest in disclosure; (3) the degree of invasion of personal privacy; and (4) the availability of alternative means of obtaining the requested information. *Margolis*, 180 Ill. App. 3d at 1089-90, 536 N.E.2d at 830, citing *Minnis*, 737 F.2d at 786, and *Multnomah County Medical Society v. Scott* (9th Cir. 1987), 825 F.2d 1410, 1413.

The second approach, first advanced in *Copley Press, Inc. v. City*

*of Springfield* (1986), 143 Ill. App. 3d 370, 493 N.E.2d 127, and further clarified in *Staske v. City of Champaign* (1989), 183 Ill. App. 3d 1, 539 N.E.2d 747, *appeal denied* (1989), 127 Ill. 2d 642, 545 N.E.2d 131, and *Healy v. Teachers Retirement System* (1990), 200 Ill. App. 3d 240, 558 N.E.2d 776, *appeal denied* (1990), 135 Ill. 2d 556, 564 N.E.2d 837, holds that the specific information set out in sections 7(1)(b)(i) through 7(1)(b)(v) is *per se* precluded from disclosure under Illinois' version of FOIA. *Healy* recognized that the enumerated exemptions evidence a legislative determination that some types of information will, in every situation, constitute a "clearly unwarranted invasion of personal privacy" and that the exemptions demonstrate also a legislative intent to relieve our courts of the burden of making case-by-case analyses of such information.

Plaintiff maintains that *Margolis* provides the correct analytical framework we should employ to resolve this dispute. Analyzing the instant case under the *Margolis* rubric, it argues that whenever a citizen files a FOIA request for information concerning a licensee and DPR rejects the request, a trial court must determine on a case-by-case basis whether the information sought "constitute[s] a clearly unwarranted invasion of personal privacy." Defendants counter that *Margolis* misconstrued section 7(1)(b) of FOIA. They contend that this court should follow *Healy* and hold that information which falls within one of the enumerated categories in sections 7(1)(b)(i) through 7(1)(b)(v) is *per se* exempt from disclosure. Although DPR advances compelling reasons in arguing that *Margolis'* reliance on cases construing the Federal version of FOIA was misplaced, we leave for another day an examination of the appropriateness of that decision, for even by utilizing its more elastic approach, we hold that the information plaintiff seeks is exempt from FOIA disclosure; we therefore affirm the trial court's dismissal of plaintiff's action.

## II

■ Applying *Margolis* to the instant case, we find that the information sought falls within one of the enumerated categories of section 7(1)(b) of FOIA; namely, subsection (iii), which applies to personal information regarding State licensees and registrants. The notices themselves provide the names and addresses of licensees who are under investigation, and as we, along with every other court which has considered the issue, have held, the names and addresses of licensees constitute personal information. Thus, we move to the second aspect of *Margolis'* test, which compels us to balance the following four factors: (1) the interest of the party seeking disclosure; (2) the interests of the public in disclosure; (3) the degree of invasion

of personal privacy; and (4) the availability of alternative means of obtaining the information; and weighing these four factors together will enable us to deduce whether the notices plaintiff seeks constitute a "clearly unwarranted invasion of personal privacy" meriting exemption from disclosure. *Margolis*, 180 Ill. App. 3d at 1089-90, 536 N.E.2d at 830, citing Ill. Rev. Stat. 1987, ch. 116, par. 207(1)(b).

Plaintiff, for the first time in its reply brief, contends that *Margolis'* first factor—the plaintiff's interest in disclosure—is no longer a proper inquiry after the United States Supreme Court's decision in *United States Department of Justice v. Reporters Committee for Freedom of the Press* (1989), 489 U.S. 749, 103 L. Ed. 2d 774, 109 S. Ct. 1468. There, the Court, construing the privacy exemption of the Federal FOIA, held that the purpose of the Act is " 'to open agency action to the light of public scrutiny[,]' rather than on the particular purpose for which the document is being requested." (*Reporters Committee*, 489 U.S. at 772, 103 L. Ed. 2d at 795, 109 S. Ct. at 1481, quoting *Department of Air Force v. Rose* (1976), 425 U.S. 352, 372, 48 L. Ed. 2d 11, 27, 96 S. Ct. 1592, 1604.) In *Reporters Committee* the Supreme Court was free to conclude that the interest of the party seeking disclosure was irrelevant under Federal FOIA because Congress did not express a contrary intent.

Unlike Congress, the Illinois General Assembly did manifest a concern with the purpose for which the FOIA request is made; consequently, we are not free to discard the plaintiff's interest in disclosure. In section 1 of Illinois' FOIA, the legislature declared that the public policy justifying its enactment is to entitle all persons to full and complete information concerning the affairs of government and the official acts and policies of the public's representatives. (Ill. Rev. Stat. 1989, ch. 116, par. 201.) However, the legislature qualified that expressed policy by adding that "[FOIA] is not intended to be used to violate individual privacy, *nor for the purposes of furthering a commercial enterprise.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 116, par. 201.) Unless the plaintiff's interest in disclosure is included in the calculus of the Illinois exemption from FOIA, we would never be able to discern whether a party intends to avail himself of FOIA for impermissible commercial reasons when he asks an agency for personal information, and we would thus be incapable of enforcing the General Assembly's proscription against using FOIA for pecuniary gain.

Accordingly, while construing Illinois' FOIA, we must address all four concerns identified by *Margolis*, and after doing so, it becomes readily evident that the trial court properly granted defendants' motion to dismiss because the names and addresses of licensees called to

appear before DPR are exempt from disclosure as they constitute a clearly unwarranted invasion of personal privacy. The case at bar is remarkably similar to the Ninth Circuit case which first promulgated the balancing test that *Margolis* adapted in construing Illinois' FOIA. In *Minnis v. United States Department of Agriculture* (9th Cir. 1984), 737 F. 2d 784, the owner of a lodge on the bank of a river in Oregon sought the names and addresses of all individuals who received permits to traverse the federally regulated river. The Forest Service denied the request, arguing that disclosure would violate the Federal version of the privacy exemption. (5 U.S.C. § 552(b)(6) (1982).) After weighing the four factors featured in *Margolis,* the *Minnis* court held that, on balance, the information sought was protected. The *Minnis* court premised its decision primarily on its recognition that whatever slight benefit the public would gain from disclosure of the information sought would be heavily overcome by the invasion of privacy to which the recipients of plaintiff's solicitations would be subjected.

Plaintiff here asserts many of the same arguments that were put forward by the plaintiff in *Minnis.* For instance, it argues that it seeks the names and addresses to better enable it to advise licensees of its expertise in representing individuals before DPR. Plaintiff also claims that it is axiomatic that attorney advertising benefits society. In the same vein, Minnis argued that the list of names would be used to advise interested individuals of the availability of accommodations on the river, thus benefitting society as a whole. The *Minnis* court rejected his argument, reasoning that while some might appreciate the advertisements, others "would be irritated rather than enlightened by unwanted solicitations." *Minnis,* 737 F.2d at 787.

The same logic applies in the instant case. While some licensees may appreciate a circular which informs them of plaintiff's legal services, others, most likely a majority, may be incensed that defendant, a governmental body, appears not only to be participating in an ad campaign by providing their names and addresses to law firms, but also in unduly publicizing what may ultimately prove to be an unfounded accusation. Moreover, whatever minimal benefit that could arguably be said to arise from plaintiff's solicitation of licensees is significantly mitigated by the fact that the notices themselves advise recipients of their right to have an attorney accompany them.

Under the second concern of the test, while it is true that the general public has a valid interest in knowing when a State licensee has violated a State statute or a rule of a regulatory body, this interest is better served in the method now used by DPR, rather than by providing plaintiff with the notices. At present, DPR releases to the news media a monthly list of all registrants who have been

sanctioned for violations. This would include recipients of the notices at issue here, assuming that they were adjudged in violation after a conference. All the pertinent information plaintiff would uncover via its FOIA request is ultimately disclosed, often after the facts of the incident are more fully developed. Plaintiff seeks only to short-circuit the present system for his own gain, without any additional benefit accruing to the public at large. Accordingly, we must count the second factor against disclosure as well.

The third prong, the degree to which disclosure would invade the personal privacy of licensees, also militates strongly against disclosure. The extent of the intrusion on privacy here can best be appreciated by comparing what may be inferred from the information on DPR's notices to what could be inferred from the information sought in *Minnis*. That court held that the degree of invasion of personal privacy there was more than *de minimis* because the release of the information requested would disclose not only the names and addresses of individuals who applied for permits to travel down the Rogue River, but also the fact that they were watersport enthusiasts and were devotees of the out-of-doors, and would thus, more than likely, subject them to an increased influx of "junk mail." If the *Minnis* type of "personal information" constitutes more than a minimal invasion of privacy, then the information which can be inferred from DPR's notice of informal and disciplinary conferences surely represents a drastic invasion.

The fourth element of the test, however, favors plaintiff, since the only practicable means available to it for discovering precisely which licensees are to be called to conferences and when they are to be called is effected by the granting of access to the notices. But this factor alone is insufficient to overcome the other three which weigh so importantly against disclosure. After careful deliberation on all four factors, we are constrained to agree with the trial court and hold that the information sought by plaintiff constitutes a clearly unwarranted invasion of personal privacy and is thus exempt from publication under section 7(1)(b) of FOIA. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

McCORMICK, P.J., and HARTMAN, J., concur.