FIFTH DIVISION
 FILED: 2/28/97

No. 1-96-2024

LOCAL 1274, ILLINOIS FEDERATION OF ) APPEAL FROM THE
TEACHERS, AFT, AFL-CIO, ) CIRCUIT COURT OF
 ) COOK COUNTY
 Plaintiff-Appellant, )
 )
 v. )
 )
NILES TOWNSHIP HIGH SCHOOLS, ) HONORABLE
DISTRICT 219, ) ARTHUR L. DUNNE,
 ) JUDGE PRESIDING.
 Defendant-Appellee. )

 JUSTICE HOFFMAN delivered the opinion of the court:
 The plaintiff, Local 1274, commenced this action against the
defendant, Niles Township High Schools, District 219, requesting
disclosure of the names and addresses of all of the District's
enrolled students and their parents under the Freedom of
Information Act (hereinafter "FOIA" or "Act") (5 ILCS 140/1 et seq.
(West 1994)). The trial court granted summary judgment for the
defendant, and the plaintiff now appeals.
 This case is before this court for the second time. In the
initial proceeding, the trial court granted summary judgment for
the defendant, finding that before attempting to obtain the
requested information under FOIA, the plaintiff was required to
exhaust the grievance procedures under its collective bargaining
agreement. This court reversed (Local 1274, Illinois Federation of
Teachers, AFT, AFL-CIO v. Niles Township High School District 219,
276 Ill. App. 3d 714, 659 N.E.2d 18 (1995)), concluding that the
plaintiff had the right to seek the information under FOIA
independent of any collective bargaining agreement. This court
remanded the case for determination of the FOIA claim on the
merits. 
 On remand, the plaintiff obtained leave of court to file its
first-amended complaint. In that complaint, the plaintiff
reiterated its demand for the names and addresses of the parents of
students enrolled in District 219 for the purpose of "conduct[ing]
mail surveys and otherwise communicat[ing] with the school
community in the preparation of [collective] bargaining proposals." 
The complaint added that such information could be masked or
scrambled as found necessary by the court in order to protect any
confidentiality against disclosure. 
 The plaintiff then moved for summary judgment on its
complaint. In the motion, the plaintiff stated that, in order to
further ensure student confidentiality, the requested information
could be furnished in one of three alternative ways: (1) by
providing the names and addresses of the parents only; (2) by
masking the names and providing only the addresses, which may be
scrambled if necessary; or (3) by requiring the District to send
out the plaintiff's mailings directly.
 The defendant then filed a cross-motion for summary judgment,
arguing that the information did not constitute a "public record"
under section 2(c) of FOIA. The defendant also maintained that the
names and addresses revealed nothing about governmental affairs or
official actions, would be of minimal value to the public, and
would result in an unwarranted intrusion into the privacy of
District parents. Finally, the defendant contended that the
plaintiff could procure the desired parental input by other means,
particularly, by soliciting parents directly.
 Following a hearing, the trial court granted summary judgment
for the defendant and denied the plaintiff's motion.
 The sole issue on review is whether the names and addresses of
the parents and students enrolled in District 219 must be produced
under FOIA. FOIA is based upon the policy that persons must be
given complete access to information "regarding the affairs of
government and the official acts and policies of those who
represent them as public officials and public employees***." 5
ILCS 140/1 (West 1994); American Federation of State, County and
Municipal Employees, AFL-CIO (AFSCME) v. County of Cook, 136 Ill.
2d 334, 341, 555 N.E.2d 361 (1990). Like its federal counterpart,
FOIA requires full disclosure unless the desired information is
exempted under clearly delineated statutory language. Lieber v.
Southern Illinois University, 279 Ill. App. 3d 553, 560, 664 N.E.2d
1155 (1996), appeal granted, 168 Ill. 2d 595, 671 N.E.2d 733
(1996); see also U.S. Department of Defense v. Federal Labor
Relations Authority et al. (FLRA), 510 U.S. 487, 127 L. Ed. 2d 325,
114 S. Ct. 1006 (1994). At the same time, FOIA was not intended to
be used to violate individual privacy, further a commercial
enterprise, or disrupt the work of any public body. 5 ILCS 140/1
(West 1994); Blumenfeld v. Department of Professional Regulation,
263 Ill. App. 3d 981, 988, 636 N.E.2d 594 (1993). The burden rests
with the agency seeking to avoid disclosure to demonstrate that the
requested information falls within one of FOIA's narrowly-construed
exemptions. AFSCME, 136 Ill. 2d at 341; Cooper v. Department of
the Lottery, 266 Ill. App. 3d 1007, 1012, 640 N.E.2d 1299 (1994).
 FOIA mandates that "[e]ach public body *** make available to
any person for inspection or copying all public records, except as
otherwise provided in Section 7 of this Act." 5 ILCS 140/3(a)
(West 1994). The term "public body" under the Act expressly
includes all school districts. 5 ILCS 140/2(a) (West 1994); Healey
v. Teachers Retirement System, 200 Ill. App. 3d 240, 558 N.E.2d 766
(1990). Section 7(1)(b) of the Act states in relevant part as
follows:
 "(1) The following shall be exempt from inspection and
 copying:
 * * *
 (b) Information that, if disclosed, would constitute
 a clearly unwarranted invasion of personal privacy, unless
 the disclosure is consented to in writing by the individual
 subjects of the information. The disclosure of information
 that bears on the public duties of public employees and
 officials shall not be considered an invasion of personal
 privacy. Information exempted under this subsection (b)
 shall include but is not limited to:
 (i) files and personal information
 maintained with respect to *** students or other
 individuals receiving *** educational*** care or
 services directly or indirectly from federal
 agencies or public bodies***. " (Emphasis added.) 5
 ILCS 140/7(1)(b)(i) (West 1994).
 Names, addresses and telephone numbers constitute "personal
information" under the Act, because they will reveal the identity
of particular individuals. Lieber, 279 Ill. App. 3d at 561;
Margolis v. Director of Department of Revenue, 180 Ill. App. 3d
1084, 1088, 536 N.E.2d 827 (1989). Additionally, the term "public
bodies" in section 7(1)(b)(i) encompasses school districts. See
Lieber, 279 Ill. App. 3d 553.
 The plaintiff declares, with no citation to authority, that
the information it seeks does not fall within any of the categories
of exempt information in section 7(1)(b) of the Act. However, the
plain language of section 7(1)(b)(i) belies this contention because
the names and addresses of District parents indisputably constitute
"personal information maintained *** with respect to *** students
*** receiving *** educational*** services *** from *** public
bodies." See Lieber, 279 Ill. App. 3d at 561. Thus, the
information falls within that intended as exempt under section
7(1)(b).
 Once material is found to fall under one of section 7(1)(b)'s
categories of exemptions (5 ILCS 140/7(1)(b)(i) -(b)(v) (West
1994)), there is a split of authority as to whether or not the
analysis is completed under the Act. The Fourth District Appellate
Court has concluded that once the court determines that one of the
exemptions applies, information is per se excluded from disclosure. 
See Copley Press, Inc. v. City of Springfield, 143 Ill. App. 3d
370, 493 N.E.2d 127 (1986); see also Healey, 200 Ill. App. 3d 240. 
The First and Third Districts, on the other hand, go on to apply a
four-pronged balancing test derived to determine whether disclosure
amounts to a "clearly unwarranted invasion of personal privacy", as
stated under section 7(1)(b). Blumenfeld, 263 Ill. App. 3d at 986,
citing City of Monmouth v. Galesburg Printing & Publishing Co., 144
Ill. App. 3d 224, 494 N.E.2d 896 (1986), and Margolis, 180 Ill.
App. 3d 1084.
 For purposes of this case, we need not determine which of the
two approaches provides the proper analysis under FOIA; the
material sought by the plaintiff is exempt from disclosure under
either test. As stated above, the names and addresses of the
parents of students in the District fall squarely within the
exemption of section 7(1)(b)(i); thus, they are excluded from
disclosure under the per se test articulated in Copley Press.
 In determining whether disclosure is required under Margolis,
we apply the following four-pronged test, which balances (1) the
plaintiff's interest in disclosure; (2) the public interest in
disclosure; (3) the degree of invasion of personal privacy; and (4)
the availability of alternative means of obtaining the requested
information. Margolis, 180 Ill. App. 3d at 1089-90, citing Minnis
v. United States Department of Agriculture, 737 F. 2d 784, 786
(1984)(applying federal Freedom of Information Act, 5 U.S.C. 552
(1988 & supp. V 1993)); see also CBS, Inc. v. Partee, 198 Ill. App.
3d 936, 947, 556 N.E.2d 648 (1990).
 As stated above, the plaintiff desires the information to
enable it, through surveys and other home mailings, to involve
parents of District students in the collective bargaining process,
and to inform them in the eventuality of labor strikes.
 Several courts have previously determined, however, that the
release of citizens' names and addresses under FOIA to facilitate
unsolicited home mailings amounted to an unwarranted invasion of
the citizens' personal privacy, and exceeded the purposes of the
Act. In Healey, a union sought the names and addresses of teachers
in its bargaining unit in order to disseminate union literature and
collective bargaining information. The court determined that such
disclosure would reveal nothing about the "affairs of government or
the official acts and policies of *** public officials" (Healey,
200 Ill. App. 3d at 244), but instead would operate mainly to
further the union's aim of increasing its membership, all at the
expense of the teachers' personal privacy. Healey, 200 Ill. App.
3d at 244. In FLRA, 510 U.S. 487, 127 L. Ed. 2d 325, 114 S. Ct.
1006, the Supreme Court rejected a similar union request under the
Federal Freedom of Information Act (5 U.S.C. 552 (1988 & supp. V
1993)), the model for the Illinois FOIA (see Cooper, 266 Ill. App.
3d at 1012; Roulette v. Department of Central Management Services,
141 Ill. App. 3d 394, 400, 490 N.E.2d 60 (1986)), determining that
the public interest in disclosure was negligible at best, and the
information revealed little or nothing about the relevant
government agencies and their activities. See also Blumenfeld, 263
Ill. App. 3d at 989.
 We agree with the reasoning expressed by these courts. The
plaintiff's mailings, particularly surveys, would reveal very
little about governmental "affairs" or "official acts and policies"
as stated under section 1 of the Act (5 ILCS 140/1 (West 1994)). 
Collective bargaining negotiations are preliminary and adversarial
in nature; the District's posture or strategy in the course of such
negotiations cannot be said to reflect "official" government
"policy". Instead, official policy could be more easily discovered
in the final contracts, disclosure of which is expressly mandated
under section 7(1)(q) of the Act.
 The plaintiff argues that there would be no invasion of
privacy, since it already has the parents' names and addresses. 
This argument misses the point, because it is not the disclosure of
the addresses themselves that violates privacy, but the proposed
use of such data for uninvited home mailings. Further, applying
the fourth prong of the Margolis test, there are alternative means
by which the public could obtain the material the plaintiff seeks
to disclose: if parents were especially interested in the District-
union negotiations or in participating in the formulation of
bargaining proposals, they could readily get the information they
need directly from the union, or in the event of a threatened
strike, from local news media. As the plaintiff admits, it has
frequent contact with the parents in that "both the teachers and
support staff in the course of their duties regularly communicate
with the parents of students, the latter using the same list that
is here at issue." Under the above analysis, all four prongs of
the Margolis test suggest that disclosure is improper. 
 The plaintiff advances several "impediments" to the
application of section 7(1), none of which has merit. In
particular, it argues that the requested material is not exempt
because it "bears on the duties of public employees", as stated in
section 7(1)(b).
 There are as yet no cases involving this particular phrase of
section 7(1)(b). Obviously, the names and addresses of District
parents have nothing to do with the duties of any public servant. 
As for the proposed use for those names, the language of 7(1)(q) of
FOIA militates against the plaintiff's position on this point. 
That section expressly exempts from disclosure any "[d]ocuments or
materials relating to collective negotiating matters between public
bodies and their employees or representatives, except that any
final contract or agreement shall be subject to inspection and
copying." 5 ILCS 140/7(1)(q) (West 1994). This section also
exempts disclosure of information pertaining to a school district's
bargaining strategy. Illinois Educational Labor Relations Board v.
Homer Community Consolidated School District No. 208, 160 Ill. App.
3d 730, 514 N.E.2d 465 (1987). This reflects the legislature's
desire that pre-contractual matters be immune from dissemination to
the general public. Thus, the plaintiff's intended purpose
contravenes rather than promotes the Act's purpose. Accordingly,
there was no error in granting summary judgment for the defendant.
 For the foregoing reasons, the judgment of the circuit court
of Cook County is affirmed.
 Affirmed.
 HOURIHANE and SOUTH, JJ., concur.