First Division

June 30, 1997

No. 
1-96-2026

RAY GIBSON, and THE CHICAGO ) Appeal from the

TRIBUNE COMPANY, ) Circuit Court

 ) of Cook County

Plaintiffs-Appellees, )

 )

v. )

 )

ILLINOIS STATE BOARD OF )

EDUCATION, JOSEPH A. SPAGNOLO, )

President, Illinois State Board )

of Education, UNIVERSITY OF )

ILLINOIS, and JAMES J. STUKEL, )

President, University of )

Illinois, ) Honorable

 ) JOHN K. MADDEN,

Defendants-Appellants. ) Judge Presiding.

Modified Upon Denial of Rehearing

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiffs Ray Gibson and the Chicago Tribune Company (the Tribune) brought this action under the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 
et seq
. (West 1994)) in the chancery division of the circuit court of Cook County against the University of Illinois (the University), University President James J. Stukel, the Illinois State Board of Education (the Board), and Board President Joseph A. Spagnolo.  Plaintiffs' complaint sought to enjoin defendants from denying plaintiffs access to the names and addresses of individuals awarded "General Assembly scholarships" by their state legislators.  See 105 ILCS 5/30-9 (West 1994).  The trial court granted plaintiffs' motion for summary judgment and ordered defendants to comply with plaintiffs' request.  Defendants appealed, contending that (1) FOIA specifically exempts the requested information from disclosure, and (2) FOIA and the Federal Family Educational Rights and Privacy Act (20 U.S.C. §1232g (1996)) work together to prohibit such disclosure.

The Illinois School Code provides that each member of the General Assembly of the Illinois legislature may award two "General Assembly scholarships" annually to individuals from his or her district.  105 ILCS 5/30-9 (West 1994).  The scholarships allow recipients to attend a state-supported university of the legislator's choosing free of tuition.  105 ILCS 5/30-9 (West 1994).  The selection of recipients is within the discretion of the individual legislators.

Gibson is a reporter for the Chicago Tribune who has been investigating the circumstances surrounding the awarding of these scholarships.  As part of their investigation, plaintiffs asked each individual legislator for the names of his or her scholarship recipients.  Some of the legislators complied with plaintiffs' request; others denied it.  Plaintiffs made the same request of the University and the Board, both of which are state agencies in possession of records containing the information plaintiffs seek.  Both agencies refused to release their records.

Plaintiffs then filed formal FOIA requests with the University and the Board seeking the names and addresses of all scholarship recipients since January 1, 1992.  Both defendants again denied the requests, claiming that FOIA exempts the records from disclosure.  Plaintiffs' appeals to Stukel and Spagnolo were also denied.  

On February 23, 1996, plaintiffs filed this action seeking an order enjoining defendants from withholding the information.  Plaintiffs filed a motion for summary judgment.  The Board and Spagnolo filed a cross-motion for summary judgment, and the University and Stukel filed a motion to dismiss.  On June 11, 1996, the trial court granted plaintiffs' motion and denied defendants' motions, finding that "the public's right to know is greater than an individual's alleged privacy rights" and that public disclosure of "information that bears on the public duties of public employees and officials shall not be considered an invasion of *** personal privacy."  The court ordered that defendants disclose the requested information, and defendants appealed.  On June 20, 1996, this court granted defendants' motion for stay of the circuit court's order pending appeal.

FOIA provides that "[e]ach public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7."  5 ILCS 140/3 (West 1994).  Defendants claim that section 7 contains exemptions that entitle them to deny plaintiffs access to the names of the General Assembly scholarship recipients.  Defendants rely on the following provision:

"(1) The following shall be exempt from inspection and copying: *** 

(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information.  The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy.  Information exempted under this subsection (b) shall include but is not limited to: 

(i) files and personal information maintained with respect to *** students or other individuals receiving *** educational [or] financial *** care or services directly or indirectly from federal agencies or public bodies."  5 ILCS 140/7 (West 1994). 

Defendants claim that the information plaintiffs seek is 
exempt 
per se
 under section 7.  Plaintiffs counter that information categorized in the subsections of section 7(1)(b) is not exempt 
per se
 but rather, it is subject to a balancing test, which weighs in favor of disclosure.

The parties' arguments in this case reflect a split in the Illinois appellate districts.  Defendants rely principally on the fourth district case of 
Healey v. Teachers Retirement System
, 200 Ill. App. 3d 240, 558 N.E.2d 766 (1990).  In 
Healey
, the Illinois Federation of Teachers (IFT) asked the Teachers Retirement System (TRS) to provide the names, addresses and phone numbers of its enrollees, as well as certain information about the enrollees' employment status and history.  TRS denied the request, and IFT brought an action seeking to compel the disclosure under FOIA.  
Healey
, 200 Ill. App. 3d at 241, 558 N.E.2d at 767.

The Fourth District Appellate Court held that "the exemptions contained within the subsections of section 7(b) are 
per se
 exemptions and do not require courts [to employ a balancing test] to determine whether disclosure of the information described in each exemption would constitute a 'clearly unwarranted invasion of personal privacy.'"  
Healey
, 200 Ill. App. 3d at 243, 558 N.E.2d at 768, quoting 
Staske v. City of Champaign
, 183 Ill. App. 3d 1, 5, 539 N.E.2d 747, 750 (1989).  The court found that since the information IFT sought fell within the ambit of section 7(1)(b)(i) as personal information concerning individuals receiving financial services from a public body, TRS was not required to disclose it under FOIA.  
Healey
, 200 Ill. App. 3d at 243, 558 N.E.2d at 768.

The First, Third and Fifth Districts of the Appellate Court have rejected a 
per se
 interpretation of the section 7(1)(b) exemptions in favor of a balancing approach.  
Lieber v. Southern Illinois University
, 279 Ill. App. 3d 553, 664 N.E.2d 1155 (5th Dist. 1996); 
Margolis v. Director of the Department of Revenue
, 180 Ill. App. 3d 1084, 536 N.E.2d 827 (1st Dist. 1989); 
City of Monmouth v. Galesburg Printing & Publishing Co.
, 144 Ill. App. 3d 224, 494 N.E.2d 896 (3rd Dist. 1986).  
Margolis
 is the leading case in the first district.  In that case, the plaintiff brought an action under FOIA to compel the Director of the Illinois Department of Revenue to disclose the names and addresses of applicants for certificates of registration to engage in retail sales in Cook County.  
Margolis
, 180 Ill. App. 3d at 1086, 536 N.E.2d at 827-28.  The court first found that the information plaintiff requested was contained in the section 7(1)(b) exemptions.  The court then held that section 7 required a determination as to whether disclosure of the requested information would constitute a "clearly unwarranted invasion of privacy."  
Margolis
, 180 Ill. App. 3d at 1089-90, 536 N.E.2d at 830.  In adopting this approach, the court relied both on federal courts interpreting the federal FOIA (see 
United States Department of State v. Washington Post Co.
, 456 U.S. 595, 72 L. Ed. 2d 358, 102 S. Ct. 1957 (1982); 5 U.S.C. §552(b)(6) (1996)) and on the Third District Appellate Court interpreting the section 7(1)(b) exemptions in the Illinois FOIA.  See 
City of Monmouth
, 144 Ill. App. 3d 224, 494 N.E.2d 896.

The 
Margolis
 approach requires a two-step analysis.  The first step is to determine whether the information requested falls into one of the categories listed in the subsections of section 7(1)(b).  If it is not contained therein, the information is not exempt, and it must be disclosed.  If the requested disclosure is contained in these subsections, the analysis proceeds to step two, which entails balancing four factors to determine whether disclosure of the requested information would constitute a "clearly unwarranted invasion of personal privacy."  These factors, adopted from federal court interpretations of the federal FOIA exemptions, are (1) the plaintiff's interest in disclosure, (2) the public interest in disclosure, (3) the degree of invasion of personal privacy, and (4) the availability of alternative means of obtaining the information.  
Margolis
, 180 Ill. App. 3d at 1089-90, 536 N.E.2d at 830.  

Defendants argue that the 
per se
 interpretation adopted in 
Healey
 is consistent with the plain language of FOIA and that the 
Margolis
 decision erred in relying on the federal FOIA.  We agree, and, therefore, we break from 
Margolis
.

The approach espoused in 
Margolis
 cannot be reconciled with the plain language of section 7.  The 
Margolis
 test provides that if the requested information is not contained in subsections (i) through (v), the analysis is over, and the information must be disclosed.  
Margolis
, 180 Ill. App. 3d at 1089-90, 536 N.E.2d at 830.  However, the statute provides that information exempted under section 7(1)(b) includes "
but is not limited to
" (emphasis added) the information contained in subsections (i) through (v).   5 ILCS 140/7(1)(b) (West 1994).  Clearly, this language indicates that the information in those subsections is not the only information that is exempt under section 7(1)(b).  If disclosure of some other type of information is found to be a clearly unwarranted invasion of personal privacy, that information is also exempt.  The 
Margolis
 approach ignores the "is not limited to" language.  Therefore, the first step of the 
Margolis
 test is inconsistent with the statutory language.

Even if this first step were eliminated, the balancing step is also inconsistent with the
 language of section 7(1)(b).  The exemptions of section 7 are clearly written and explicitly state that information contained in any of the subsections of section 7(1)(b) is exempt.  

Section 7 twice uses mandatory terms in setting out these exemptions.  First, the introductory language in section 7(1) states "[t]he following 
shall
 be exempt from inspection and copying."   (Emphasis added.)  5 ILCS 140/7(1) (West 1994).  Subsection (b) provides that one of the types of information that "shall be exempt" under section 7(1) is information that would constitute a clearly unwarranted invasion of personal privacy if it were disclosed.  Subsection (b) goes on to state that "
[i]nformation exempted
 under this subsection (b) 
shall
 
include but is not limited to" the information categorized in subsections (i) through (v).  (Emphasis added.)  5 ILCS 140/7(1)(b) (West 1994).  

This provision clearly expresses the legislature's finding that disclosure of the information in subsections (i) through (v) necessarily constitutes a clearly unwarranted invasion of personal privacy.  Therefore, disclosure of such information is 
per se
 a clearly unwarranted invasion of personal privacy under the statute.  The "clearly unwarranted invasion of personal privacy" language in section 7(1)(b) is necessary because the reach of that provision "is not limited to" the information that falls within the specific categories of 
per se
 exempt information.  Other information, not specifically exempted 
per se
, may also be exempt if its disclosure would constitute a clearly unwarranted invasion of personal privacy.

The Illinois Supreme Court recently reached the same conclusion in 
Lieber v. Board of Trustees of Southern Illinois University
, 176 Ill 2d 401 (1997).  In 
Lieber
, the owner of an apartment building, Stan Lieber, filed a FOIA request with the Board of Trustees of Southern Illinois University (the Board) seeking the names and addresses of admitted freshmen who had contacted the University about off-campus housing.  The Board refused, invoking the privacy exemption of FOIA section 7(1)(b)(1).  The trial court granted summary judgment in favor of the Board.  The Appellate Court, Fifth District, reversed, applying the 
Margolis
 balancing test.  

The supreme court rejected the balancing test and instead adopted the 
per se
 approach we have described above.  The court held that, under section 7(1)(b), the information categorized in subsections (i) through (v) is exempt 
per se
 from the mandate of FOIA.  
Lieber
, 176 Ill. 2d at 408.  The court specifically rejected the balancing approach when considering whether information contained in subsections (i) through (v) is exempt from disclosure.  
Lieber
, 176 Ill. 2d at 409.  However, the court noted that section 7(1)(b) does not purport to provide "an exclusive list of information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy."  
Lieber
, 176 Ill. 2d at 409.  Where a request for information not contained in these subsections is rejected as constituting a clearly unwarranted invasion of personal privacy, the balancing test is appropriate.  
Lieber
, 176 Ill. 2d at 409.

The 
per se
 approach finds further support in the language of the fifth specific exemption under section 7(1)(b).  Subsection (v) provides that information exempt under section 7(1)(b) includes

"(v) information revealing the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies; 
provided, however, that identification of witnesses to traffic accidents, traffic accident reports, and rescue reports may be provided by agencies of local government
, except in a case for which a criminal investigation is ongoing, 
without constituting a clearly unwarranted per se invasion of personal privacy under this subsection
."  (Emphasis added.)  5 ILCS 140/7(1)(b)(v) (West 1994).

It is well settled that courts should construe statutes so that no term is rendered meaningless.  
Niven v. Siqueira
, 109 Ill. 2d 357, 365, 487 N.E.2d 937, 942 (1985).  In stating that witnesses to accidents and rescues may be identified "without providing a clearly unwarranted per se invasion of personal privacy under this subsection," the provision indicates that information categorized subsections (i) through (v) is exempt 
per se
, but that an exception to the exemption is names of witnesses to accidents and rescues.  5 ILCS 140/7(1)(b)(v) (West 1994).  The clear inference to be drawn from this language, therefore, is that subsections (i) through (v) are 
per se
 exemptions.

We further believe that 
Margolis
's reliance on federal courts' interpretation of the federal FOIA is misplaced.  The federal FOIA exempts "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. §552(b)(6) (1996).  The United States Supreme Court found that this provision is a deliberate result of Congress's intent to craft a general exemption, rather than specific statutory exemptions.  
United States Department of State v. Washington Post Co.
, 456 U.S. 595, 599,  72 L. Ed. 2d 358, 362, 102 S. Ct. 1957, 1961 (1982), quoting H.R. Rep. No. 1497, at 11 (1966), 
reprinted in
 1966 U.S.C.C.A.N. 2428.  The Court concluded that because the exemption is general and not specific, the statute requires courts to balance the public's interest in disclosure against the individual's interest in privacy to determine whether disclosure of the information would constitute a clearly unwarranted invasion of personal privacy.  
Washington Post
, 456 U.S. at 602-03, 72 L. Ed. 2d at 365, 102 S. Ct. at 1962.

In relying on the 
Washington Post
 case to determine that the Illinois FOIA contemplates a similar balancing test, the 
Margolis
 court failed to recognize that, unlike the federal FOIA, the Illinois FOIA contains specific statutory exemptions in addition to a general exemption.  As discussed above, the plain language of section 7(1)(b) states that the specific information listed in subsections (i) through (v) is exempt as constituting a clearly unwarranted invasion of personal privacy if disclosed, but the information exempted under section 7(1)(b) "is not limited to" the specific exemptions.  5 ILCS 140/7(1)(b) (West 1994).  Other information may also be exempt under section 7(1)(b) if its disclosure would constitute a clearly unwarranted invasion of personal privacy.  5 ILCS 140/7(1)(b) (West 1994).  Therefore, section 7(1)(b) contains a general exemption as well as several specific exemptions.  In an action brought under the Illinois FOIA, the balancing approach enunciated in 
Washington Post
 is appropriate only where an agency seeking to withhold certain records cites the general exemption and claims that disclosure of the information contained in the requested documents would constitute a clearly unwarranted invasion of personal privacy even though the information does not fall within the framework of a specific exemption.

On the other hand, where requested information falls squarely within a specific exemption, the 
Washington Post
 rationale cannot apply because that decision was based on the lack of specific exemptions in the federal FOIA.  Therefore, the federal FOIA decisions are only instructive in applying the general exemption of section 7(1)(b), but not the specific exemptions.

For these reasons, we reject the balancing approach adopted by the 
Margolis
 court in favor of the 
per se
 approach to the section 7(1)(b) exemptions that was enunciated in 
Lieber
.  Section 7(1)(b) provides an exemption applying to information that "shall include but is not limited to" the information contained in subsections (i) through (v).  The specifically listed information, therefore, must be exempt 
per se
 because, under section 7(1)(b), its disclosure would necessarily constitute a clearly unwarranted invasion of personal privacy.  But since the section 7(1)(b) exemption "is not limited to" such information, a balancing test must be employed when a FOIA request for information not contained in subsections (i) through (v) is challenged as constituting a clearly unwarranted invasion of personal privacy.  

Therefore, we hold that in analyzing a dispute as to whether certain requested information is exempt under section 7(1)(b), the court must first determine whether the information is contained in any of the subsections to section 7(1)(b).  If the information does fall within one of these subsections, it is exempt from disclosure 
per se
.  If it does not, the court must determine whether disclosure would nonetheless constitute a clearly unwarranted invasion of personal privacy under the general provision of section 7(1)(b).  This is the only result that comports with the plain language and intent of the statute.

Plaintiffs also contend that the information they seek is not exempt from disclosure because it does not constitute "personal information" as contemplated in section 7(1)(b).  Plaintiffs rely principally on the 
Lieber
 case.  Despite its adoption of the 
per se
 approach to the section 7(1)(b) exemptions, the supreme court in 
Lieber
 affirmed the appellate court because the information requested by Lieber was not personal information maintained with respect to students.  
Lieber
, 176 Ill. 2d at 410.  The individuals whose names Lieber was seeking were not students because they were not yet enrolled at the University, and they had not yet attended any classes there.  
Lieber
, 176 Ill. 2d at 410.  More importantly, the court also held that the information requested was not "personal information" because it was not "confidential" or "private."  
Lieber
, 176 Ill. 2d at 412.

Plaintiffs contend that, as in 
Lieber
, they are merely requesting names and addresses, which the 
Lieber
 court expressly held was not personal information.  However, plaintiffs in this case are not simply seeking names and addresses of all admitted freshmen or of all students.  We agree that such information would not constitute personal information for purposes of section 7(1)(b).  Here, plaintiffs are seeking the names and addresses only of those students receiving legislative scholarships.  Clearly, disclosure of these names would reveal more about those students than simply that they were admitted or enrolled at the University.  By the very nature of the category of names and addresses sought, disclosure would reveal that these people are "receiving *** educational [and] *** financial *** care or services directly or indirectly from *** public bodies."  5 ILCS 140/7(1)(b)(i) (West 1994).  We beleive the reciept of financial aid or scholarship information is intensely "confidential" and "private."  See 
Lieber
, 176 Ill. 2d at 412.  Therefore, the information requested by plaintiffs is personal information under section 7 (1)(b)(1).

Since the names and addresses requested by plaintiffs are personal information by virtue of their category, and the General Assembly scholarship recipients are receiving educational and financial services from their respective legislators, the information plaintiffs request is exempt 
per se
 from disclosure under section 7(1)(b)(i).  Because we find that the information plaintiffs request is exempt under section 7(1)(b)(i), we do not address defendants' claim that nondisclosure is required under section 7(1)(a) and the Federal Family Educational Rights and Privacy Act (see 20 U.S.C. §1232g (1996)).

For the foregoing reasons, the decision of the circuit court of Cook County is reversed, and the case is remanded to the trial court with instructions to enter summary judgment in favor of defendants.

Reversed and remanded.

BRADEN*, J., concurs.

WOLFSON, J., dissents.

JUSTICE WOLFSON, concurring in part, dissenting in part:

When a request for information fits explicitly within the terms of section 7(1)(b), that information is 
per
 
se
 exempt from disclosure under the Illinois Freedom of Information Act.

Lieber v. Board of Trustees of Southern Illinois University
, No. 81220, (May 1, 1997), compels that conclusion. 

The question that remains in this case is whether the names of students receiving the General Assembly scholarships are "personal information maintained with respect to *** students or other individuals receiving *** educational [or] financial *** care or services directly or indirectly from Federal agencies or public bodies" as provided in section 7(1)(b)(i).  I do not believe they are.  For that reason, while I concur in the majority's reversal of the trial court's judgment, I dissent from the majority's instruction to enter summary judgment in favor of the defendants.   

In 
Lieber
, the Supreme Court examined section 7(b)(1)(i)  and the University's claim that the names and addresses of accepted freshmen constituted "personal information" within the terms of the statute.  The Court concluded that statutory references to "personal information" mean something more than names and addresses.  That is, "When the legislature intended to exempt a person's identity from disclosure, it did so explicitly."  
Lieber
, slip op. at 8. 

For example, said the Court, sections 7(1)(b)(v),             16

7(1)(c)(iv), and 7(1)(u) use the word "identity" when presenting clear legislative mandates that names not be disclosed.  On the other hand, sections 7(1)(b)(ii) and 7(1)(b)(iii) use the phrase "personal information" but cannot be read to mean the names of elected officials and licensed professionals are safe from disclosure.  The General Assembly, said the Court, could not have "intended such absurd results."  
Lieber
, slip op. at 8.

   The Court concluded:

"Accordingly, taken in context and considering the statute as a whole, the phrase 'personal information'

must have been  intended by the legislature to be

understood not in the sense  of basic identification, but

in the sense of information that is 'confidential' or 'private.' The very purpose of section 7(1)(b), after

all, is to protect 'personal privacy.'"  
Lieber
, slip op. at 8-9.

The fact that the University was relying on the phrase "personal information" to refuse disclosure of names and addresses was held by the Supreme Court to be a second, but "equally fundamental, impediment" to the University's reliance  on section 7(1)(b)(i).  
Lieber
, slip op. at 8.  I believe the same reasoning defeats the Board's claim of 
per
 
se
 exemption in this case.

I understand an argument can be made that names of 

17

scholarship recipients somehow are more personal and private than the names of individuals who contacted Southern Illinois University about freshman housing.  But not that much more personal and private.  Not "intensely confidential and private," as the majority suggests.  Not enough to warrant a 
per
 
se
 exemption.

I believe this request for information falls within the ambit of 
Margolis v. Director of the Department of Revenue
, 180 Ill. App. 3d 1084, 536 N.E.2d 827 (1989).  That is, as the Supreme Court said in 
Lieber
:

"Where a public body asserts an exemption for information that is not specifically included on the

list and therefore not exempt 
per
 
se
, the court must evaluate the particular information on a case-by-case basis."  
Lieber
, slip op. at 6.

I do not mean to trivialize any individual's right to personal privacy.  It may be the trial court would find, if given the opportunity, that disclosure of the names of scholarship recipients would be a clearly unwarranted invasion of their personal privacy. 

Then, again, disclosure might enhance a recipient's standing on campus.  Either way, that decision should first be made in the trial court, which would weigh: (1) the plaintiff's interest in disclosure; (2) the public interest in disclosure; (3) the degree 

18

of invasion of personal privacy; and (4) the availability of alternative means of obtaining the requested information. 
Margolis
, 180 Ill. App. 3d at 1089-90.

In sum, because section 7(1)(b)(i) does not specifically proscribe revealing the "identity" of scholarship recipients, I believe applying the 
Margolis
 balancing test would best promote the salutary disclosure policy of the Illinois FOIA while entrusting to our courts their traditional role as protectors

of the privacy and dignity of individual citizens.  For that reason, I would reverse the trial court's judgment and remand for a 
Margolis
 hearing.

19

*Justice Braden concurred in the disposition of this appeal prior to his reassignment to the circuit court of Cook County and was reassigned to the Illinois Appellate Court, First District, first division, by the Illinois Supreme Court on May 21, 1997 pursuant to Supreme Court Order M.R. 1062, for the sole and limited purpose of participating in the consideration of the petition for rehearing in this case.