SIXTH DIVISION

December 21, 2001

Nos. 1-00-3384, 1-01-1357 (consolidated)

CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A.,

Plaintiff-Appellee,

v.

THE DEPARTMENT OF PUBLIC HEALTH, and JOHN LUMPKIN, as Director,

Defendants-Appellants.

)))))))))

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Ellis E. Reid

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Plaintiff, Chicago Journeymen Plumbers' Local Union 130, U.A. (Union), brought this complaint for relief pursuant to the Freedom of Information Act (Act) (5 ILCS 140/1 
et al.
 (West 2000)).  Plaintiff requested that the defendants, the Illinois Department of Public Health and its director, John Lumpkin (Department), disclose the names and addresses of all individuals that the Department had licensed as plumbers and apprentice plumbers.  The Department replied that it would release the names of all licensed plumbers and plumbing apprentices, but that it would not release their home addresses.  The Department claimed that the home addresses of the licensed plumbers constituted "personal information" specifically exempt from disclosure under the Freedom of Information Act (Act). 

The trial court concluded that under the reasoning of  
Lieber v. Board of Trustees of Southern Illinois University 
, 176 Ill. 2d 401 (1997), home addresses did not constitute "personal information"  exempt from disclosure under the Act and granted the Union's motion for summary judgment.  The Department appeals from that order and argues that the home addresses of licensed plumbers and apprentice plumbers are exempt from the disclosure requirements of the Act.  We affirm.

BACKGROUND

In October 1999, the Union requested the names and addresses of all plumbers and plumbing apprentices licensed in the state of Illinois.  The Department replied that it maintained home addresses of licensed plumbers and plumbing apprentices, but that it did not maintain their business addresses.  Relying on section 7(1)(b)(iii) (5 ILCS 140/7(1)(b)(iii) (West 2000)) of the Act, the Department took the position that this information constituted personal information exempt from disclosure under the Act and for that reason denied the Union's request regarding the addresses.  The Department, however, offered to provide a list to the Union of the names of all licensed plumbers and apprentice plumbers.  The Union then filed an appeal with the Department.  In this appeal, the Union limited its request to the names and addresses of licensed plumbers and plumbing apprentices in Cook and Will Counties.  The Department did not respond to the Union's appeal.

On March 27, 2000, the Union filed a verified complaint under the Act.  The Union alleged that the "home mailing addresses of plumbers and apprentice plumbers licensed in Illinois by the [Department] do not constitute exempt personal information about licensed plumbers or apprentice  plumbers."  The Union sought injunctive relief directing the Department to release the names and mailing addresses of licensed plumbers and apprentice plumbers in Will and Cook Counties.  The Department answered the complaint and asserted section 7(1)(b)(iii) of the Act as an affirmative defense.  The Department claimed that the addresses of licensed plumbers fall within a 
per se 
exemption under the Act and are not required to be disclosed under the terms of the Act.       

The Union moved for summary judgment.  Relying on 
Lieber
 
v. Board of Trustees of Southern Illinois University
, 176 Ill. 2d 401(1997), the Union argued that the Act required the Department to disclose the names and addresses of licensed plumbers and apprentice plumbers.  In response, the Department filed a cross-motion for summary judgment.  Consistent with its affirmative defense, the Department argued that the requested addresses constituted "personal information" and the addresses were exempt from disclosure under section 7(1)(b)(iii) of the Act.  The Department also claimed that the Union was seeking information for a commercial purpose.   The trial court found that 
Lieber 
controlled, granted the Union's motion for summary judgment, and denied the Department's motion for summary judgment.  This appeal followed.

ANALYSIS 

Summary judgment shall only be granted if the pleadings, depositions, and admissions, together with the affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c) (West 2000).  We review
 the trial court's grant of summary judgment 
de novo
.  
Anderson v. Alberto-Culver USA, Inc.
, 317 Ill. App. 3d 1104, 1110 (2000).

The Act implements the public policy of this state to provide its citizens with full access to information regarding the affairs of government.  5 ILCS 140/1 (West 2000); 
Lieber
, 176 Ill. 2d at 407.  Under the Act public records are presumed to be open and accessible.  
Lieber
, 176 Ill. 2d at 407.  Upon receiving a proper request for information, a public body must comply with that request unless one of the exemptions apply under the Act.  5 ILCS 140/7 (West 2000); 
American Federation of State, County & Municipal Employees (AFSCME) v. County of Cook
, 136 Ill. 2d 334, 341 (1990).  If the public body denies disclosure under an exemption within section 7, it must provide written notice of which exemption it is invoking.  5 ILCS 140/9(b) (West 2000).  If the party seeking disclosure challenges the public body's decision in the circuit court, "the public body has the burden of proving that the records in question fall within the exemption it has claimed."  
Lieber
, 176 Ill. 2d at 408.

Section 7(1) of the Act provides, in part, the following exemptions to the disclosure requirements of the Act:

"(1) The following shall be exempt from inspection and copying:

*** 

(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information.  The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy.  Information exempted under this subsection (b) shall include but is not limited to:

(i) files and personal information maintained with respect to clients, patients, residents, students or other individuals receiving social, medical, educational, vocational, financial, supervisory or custodial care or services directly or indirectly from federal agencies or public bodies;

(ii) personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions;

(iii) files and personal information maintained with respect to any applicant, registrant or licensee by any public body cooperating with or engaged in professional or occupational registration, licensure or discipline[.]"  5 ILCS 140/7(1)(b) (West 2000).

The specifically listed exemptions within subsection 7(1)(b) constitute 
per se
 exemptions.  
Lieber
, 176 Ill. 2d at 408.  Once the public body proves that the requested information falls within one of these 
per se
 exemptions, the court conducts no further inquiry and must uphold the public body's decision.  
Lieber
, 176 Ill. 2d at 408.  The 
per se
 rule applies to the specific exemptions under 7(1)(b) of the Act which pertains to "information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy," just as it applies to other section 7 exemptions.  
Lieber
, 176 Ill. 2d at 408.  Section 7(1)(b) also contains a general exemption that applies when the public body asserts that the requested information constitutes a clearly unwarranted invasion of personal privacy.  
Lieber
, 176 Ill. 2d at 408.  If the public body asserts this general exemption, the court must evaluate the requested information on a case-by case basis.  
Lieber
, 176 Ill. 2d at 409; see also 
Gibson v. Illinois State Board of Education
, 289 Ill. App. 3d 12 (1997) (court should conduct a balancing test if the public body relies on the general exception as a basis for nondisclosure).

In 
Lieber
, plaintiff, the owner of an apartment building, filed a request for disclosure under the Act with defendant, a nearby university.  Plaintiff sought the names and addresses of admitted freshmen who had contacted the university about off-campus housing.  Invoking the exemption of section 7(1)(b)(i), the university denied the request.  Specifically, the university claimed that the requested information constituted personal information it maintained for students receiving educational services from a public body.  5 ILCS 140/7(1)(b)(i) (West 2000).  The trial court granted summary judgment in favor of the defendant.  Applying a balancing test pursuant to 
Margolis v. Director of the Department of Revenue
, 180 Ill. App. 3d 1084 (1989), the appellate court reversed.  
Lieber v. Southern Illinois University
,
 
279 Ill. App. 3d 553, 561 (1996).    

The supreme court first rejected the appellate court’s use of a balancing test.  The court determined that because the university claimed that the requested information fell within a specific exemption of section 7(1)(b), the appellate court was “wrong to make an individualized assessment of whether disclosure of the information would invade anyone’s personal privacy.”  
Lieber
, 176 Ill. 2d at 409.  The court noted that if the requested information fell within a specific exemption, it would, by definition, constitute “[i]nformation that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy” (5 ILCS 140/7(1)(b) (West 2000)) and be automatically exempt.  
Lieber
, 176 Ill. 2d at 409-10.

The court, nevertheless, affirmed the appellate court’s conclusion that exemption from disclosure under section 7(1)(b)(i) did not apply to the information requested by Lieber.  The court first concluded that section 7(1)(b)(i) did not apply because Lieber was not requesting information about students.  
Lieber
, 176 Ill. 2d at 410.  Section 7(1)(b)(i) applied to personal information maintained with respect to students.  5 ILCS 140/7(1)(b)(i) (West 2000).  The court reasoned that the plaintiff requested information about  individuals not yet enrolled in the university and not yet receiving educational services, and thus these individuals were neither students nor receiving a service from the university.  
Lieber
, 176 Ill. 2d at 411.  

The court additionally found that the names and addresses of these individuals did not constitute "personal information" as contemplated by the Act.  The court stated, "Although names and addresses are unquestionably personal in the sense that they are specific to particular persons, the statutory reference to 'personal information' means more than simply that."  
Lieber
, 176 Ill. 2d at 411.   The court pointed out that subsections 7(1)(b)(i), (1)(b)(ii), and (1)(b)(iii) (5 ILCS 140/7(1)(b)(i), (1)(b)(ii), (1)(b)(iii) (West 2000)) exempt “personal information” whereas  subsections 7(1)(b)(v), 7(1)(c)(iv), and 7(1)(u) (5 ILCS 140/7(1)(b)(v), (1)(c)(iv), (1)(u) (West 2000)) explicitly exempt information concerning the "identity" of a person.  Relying on that distinction, the court noted that where the legislature intended to exempt a person's identity from disclosure, it did so explicitly.  "For example, the exemption in section 7(1)(b)(v) refers to 'information revealing the identity' of certain persons providing information to administrative, investigative, law enforcement or penal agencies; section 7(1)(c)(iv) speaks of the 'identity of a confidential source'; and section 7(1)(u) exempts from disclosure information regarding a university's adjudication of grievance or disciplinary cases to the extent that disclosure would 'reveal the identity' of the person involved."  5 ILCS 140/7(1)(b)(v), 7(1)(c)(iv), 7(1)(u) (West 1994); 
Lieber
, 176 Ill. 2d at 412.

Construing the statute as a whole, the court interpreted "personal information" exempt from
 
disclosure under subsections (i), (ii), and (iii) to mean private, confidential information, but not information that revealed a person’s basic identity.  
Lieber
, 176 Ill. 2d at 412.  "Where the legislature intended to exempt a person's identity from disclosure, it did so explicitly."  
Lieber
, 176 Ill. 2d at 412. The supreme court’s interpretation of section 7 in 
Lieber
 undermines the Department's argument in this case.  The 
Lieber
 court characterized its finding that the names and addresses of the prospective students did not constitute personal information as an "equally fundamental[] impediment" to the university's reliance on exemption under section 7(1)(b)(i).  
Lieber
,
 
176 Ill. 2d at 411. 

Gibson v. Illinois State Board of Education
, 289 Ill. App. 3d 12 (1997), followed 
Lieber
.  
Ray Gibson, a reporter, and the Chicago Tribune requested the names and addresses only of students awarded scholarships by state legislatures.  The 
Gibson
 court discussed the holding in 
Lieber
 that the names and addresses requested by the landlord from the university did not constitute personal information exempt from disclosure under the Act because the information requested "was not 'confidential' or 'private.' " 
 Gibson
, 289 Ill. App. 3d at 21.  The court in 
Gibson
 then distinguished 
Lieber
 because the plaintiffs in 
Gibson
 were seeking the names and addresses, not of all students, but only of those students receiving legislative scholarships.  
Gibson
, 289 Ill. App. 3d at 21. 
 The court found that names and addresses of students receiving legislative scholarships were exempt from disclosure under the Act.  
Gibson
, 289 Ill. App. 3d at 21.  

However, the court was careful to point out that the exemption from disclosure applied because disclosure would reveal more than merely names and addresses of students.  

"By the very nature of the category of names and addresses sought, disclosure would reveal that these people are 'receiving *** educational [and] *** financial *** care or services directly or indirectly from *** public bodies.'  [Citation.]  We believe the receipt of financial aid or scholarship information is intensely 'confidential' and 'private.'  [Citation.]  Therefore, the information requested by plaintiffs is personal information under section 7(1)(b)(i). 
 Since the names and addresses requested by plaintiff are personal information by virtue of their category, and the General Assembly scholarship recipients are receiving educational and financial service from their respective legislators, the information plaintiffs request is exempt 
per se
 from disclosure under section 71(b)(i)."  
Gibson
, 289 Ill. App. 3d at 21.  

In this case, the Union is requesting the addresses and names of all plumbers and apprentice plumbers licensed by the Department in Cook and Will Counties.  The Union's request, therefore, only seeks information that would disclose basic identification of a plumber not private, confidential or personal information and is similar to the plaintiff's request in 
Lieber
.  Nothing more than names or addresses would be revealed.  Unlike 
Gibson
, there is no category at play here which would cause confidential or private information to be released.  If disclosed, the Union would receive the basic identification of the licensed plumber or plumbing apprentice.  Applying the holdings of 
Lieber
 and 
Gibson, 
section 7(1)(b)(iii) does not exempt this information from disclosure under the Act because, in the context of this request, names and addresses do not constitute "personal information."  The trial court correctly applied the statute.

We are mindful that names and addresses are unquestionably personal because they are specific to a particular person; however, we also recognize that personal information under the Act means more than simply basic identification.  
Lieber
, 176 Ill. 2d at 411-12.  As recognized by the court in 
Lieber
, when considering the Act as a whole, the term "personal information must have been intended by the legislature to be understood not in the sense of basic identification, but in the sense of information that is 'confidential' or 'private.' " 
 Lieber
, 176 Ill. 2d at 412.

We recognize that under some circumstances names and addresses may constitute personal information exempt under the Act depending on the category of the names and addresses sought.  The 
Gibson
 court found that the requested names and addresses of the scholarship recipients constituted personal information because the very nature of the category of names and addresses sought would disclose confidential or private information. 
 Gibson
, 289 Ill. App. 3d at 21.  
Gibson
 is significant for recognizing that 
Lieber
 did not foreclose the possibility that addresses and names may constitute personal information exempt from disclosure under the Act, depending on the circumstances or category of information sought.  We, therefore, conclude that the substance of the request must be considered in context in determining whether the personal information requested is nonexempt basic identification subject to disclosure or information of a confidential and private nature exempt from disclosure under the Act.

The Department further argues that 
Lieber
 supports only the disclosure of names and not the disclosure of home addresses of individuals.  We note parenthetically that had the Department required the work addresses, rather than home addresses, disclosure would be limited to the work addresses for the licensed plumbers and plumber apprentices.  The 
Lieber
 court made no distinction between addresses and names.  The supreme court's reasoning is based on the public's right to receive information about the basic identity of public officials and those individuals that a public body licenses.  
Lieber
, 176 Ill. 2d at 411.  We decline to depart from this interpretation of the Act.  Thus, we conclude that the trial court properly followed the holding of 
Lieber
 in ordering the Department to disclose the names and addresses of the licensed plumbers and apprentice plumbers.

In an effort to persuade this court that we need not abide by 
Lieber
's interpretation of what constitutes personal information under section 7(1) of the Act, the  Department argues that the portion of the 
Lieber 
opinion interpreting personal information is only 
dictum
.  We disagree.  A court expresses 
dictum
 when it offers an opinion not necessary to the disposition of the litigation.  
American Country Insurance Co. v. Cline
, 309 Ill. App. 3d 501, 510 (1999).  In the context of the specific request at issue in 
Lieber
, the court regarded the proper construction of the term "personal information" under the Act as an equally fundamental impediment to accepting the argument of the university that the names and addresses requested were exempt from disclosure.  In discussing the meaning of the term "personal information" under the Act, the 
Lieber
 court specifically recognized: 

"There is another, equally fundamental, impediment to the University’s reliance on section 7(1)(b)(i).  The University claims that the names and addresses of accepted freshmen constitute 'personal information' within the meaning of the statute.  Although names and addresses are unquestionably personal in the sense that they are specific to particular persons, the statutory reference to 'personal information' means more than simply that.  This is apparent when one considers the provision as a whole.  For example, sections 7(1)(b)(ii) and 7(1)(b)(iii), which follow the provision at issue here, employ the same term.  They exempt from disclosure 'personal information' about elected officials and licensed professionals.  If the University's construction were correct and 'personal information' embraced even basic identification, the public would have no right to learn the names of officials they had placed in office, and, under this statute, a person could not confirm that the doctor who was about to perform surgery on him was actually licensed to practice medicine.  We do not believe the General Assembly intended such absurd results."  
Lieber
, 176 Ill. 2d at 411.

Regarding the specific information requested by the landlord from the university, 
Lieber
 held that names and addresses were not exempt from disclosure as constituting "personal information" under the meaning of that phrase as it is used in section 7(1)(b)(i) of the Act. 
 Lieber
, 176 Ill. 2d at 411-12.  

"Accordingly, taken in context and considering the statute as a whole, the phrase 'personal information' must have been intended by the legislature to be understood not in the sense of basic identification, but in the sense of information that is 'confidential' or 'private.'  The very purpose of section 7(1)(b), after all, is to protect 'personal privacy.' "  
Lieber
, 176 Ill. 2d at 412. 

Therefore, in 
Lieber
, disclosure was required, not only because the information withheld did not relate to enrolled students, but because the requested names and addresses did not constitute personal information as contemplated by the Act.  
Lieber
, 176 Ill. 2d at 411.  The fact that the supreme court relied on separate reasons for defeating a litigant’s argument did not reduce the court's holding to 
dictum
.  

In 
Lieber
, the court undertook the task of interpreting the term "personal information" in addressing the university's claim that the names and addresses of accepted freshmen constituted personal information exempt from disclosure under the Act.  Significantly, the supreme court in 
Lieber
 found its interpretation of "personal information" was an equal impediment to the university's claim of a 
per se
 exemption to disclosure.  
Lieber
, 176 Ill. 2d at 411.  We therefore reject the Department's suggestion that we treat the supreme court's interpretation in 
Lieber 
of what constitutes personal information under section 7(1)(b) as
 dictum
. 

We further note that the 
Gibson
 court did not consider 
Lieber's
 interpretation of the term "personal information" to be 
dictum
, but rather recognized that interpretation as an important part of the 
Lieber
 court's holding.  Regarding the holding in 
Lieber
, the 
Gibson
 court stated:

"More importantly, the [
Lieber
] court also 
held
 that the information requested [names and addresses] was not 'personal information' because it was not 'confidential' or 'private.' "  
Gibson
, 289 Ill. 2d at 21, citing 
Lieber
, 176 Ill. 2d at 412. 

If the supreme court's discussion of section 7(1)(b) was judicial 
dictum
, we would still find it persuasive.  There are two types of 
dictum
.  
Obiter dictum
 is "a remark or opinion uttered by the way," which is "not binding as authority or precedent within the 
stare decis 
rule." 
 
Cates v. Cates
, 156 Ill. 2d 76, 80 (1993).  Judicial 
dictum 
refers to a remark or opinion that is deliberately passed upon by the court, though not essential to the disposition of the case.  
Cates
, 156 Ill. 2d at 80.  Judicial 
dictum
, unlike 
obiter dictum
, is generally entitled to weight and should be followed unless found to be erroneous.  
Cates
, 156 Ill. 2d at 80
.

We further note that the appellate court has no authority to overrule or modify a supreme

court opinion.  
Rickey v. Chicago Transit Authority
, 98 Ill. 2d 546, 551 (1983).  In 
Lieber
, the supreme court analyzed the Act as a whole and concluded that names and addresses in the context of the specific request made in that case did not constitute "personal information" because the information requested would only reveal basic information regarding a person's identity.  The court discussed each subsection of section 7 that uses the term "personal information," including subsection 7(1)(b)(iii).  
Lieber
, 176 Ill. 2d at 411-12.  The court recognized that if the term "personal information" exempted from disclosure even basic identification, "the public would have no right to learn the names of officials they had placed in office, and, under this statute, a person could not confirm that the doctor who was about to perform surgery on him was actually licensed to practice medicine." 
 Lieber
, 176 Ill. 2d at 412.  For the reasons previously discussed, we decline to depart from the 
Lieber
 court's interpretation of the Act. 

The Department alternatively argues that if the home addresses of the plumbers and plumber apprentices do not fall within the 
per se
 exemption from disclosure of section 7(1)(b)(iii),
 
we should remand this case to the circuit court so that the court may determine if the home addresses fall within the general exemption of section 7(1)(b).  The problem with this argument, however, is that the Department never claimed in its pleading or motions before the circuit court that the general exemption applied.  The Department's affirmative defense only raised the specific 
per se
 exemption of section 7(1)(b)(iii).  

In 
Lieber
, the court explained that the general exemption of section 7(1)(b) applies "[w]here a public body asserts an exemption for information that is not specifically included on the list and therefore not exempt 
per se
." 
 Lieber
, 176 Ill. 2d at 409. 
 The 
Lieber
 court found that the appellate court erred in applying a balancing test because the public body only claimed that the information fell within a specific exemption.  
Lieber
, 176 Ill. 2d at 408.  
Consistent with that finding, in 
Gibson
,
 
the court determined that the balancing test is appropriate "only where an agency seeking to withhold certain records cites the general exemption and claims that disclosure of the information contained in the requested documents would constitute a clearly unwarranted invasion of personal privacy even though the information does not fall within the framework of a specific exemption."  
Gibson
, 289 Ill. App. 3d at 20.  

In this case, the Department never claimed before the circuit court that the requested information fell within the general exemption or cited the general exemption in its affirmative defense or motions.  The Department also never specifically asked the circuit court to apply the balancing test.  Therefore, we reject the Department's argument that we should remand.  

For the reasons previously discussed, the information requested by the Union, was as a matter of law, not exempt from disclosure under the Act.  The Union is entitled to summary judgment as a matter of law.  
Therefore, the trial court properly granted the Union's motion for summary judgment and properly denied the Department's motion for summary judgment.

We affirm the judgment of the circuit court of Cook County.

Affirmed.

BUCKLEY and O'BRIEN, JJ., concur.