CHICAGO TRIBUNE COMPANY, Plaintiff-Appellee, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellant.

First District (2nd Division) No. 1—01—3704

Opinion filed June 28, 2002.

Marilyn F. Johnson, Nancy K. Laureto, and Lee Ann Lowder, all of Chicago Board of Education, of Chicago, for appellant.

Sidley, Austin, Brown & Wood (Richard J. O'Brien, Eric S. Mattson, and Brendan J. Healey, of counsel), and Paulette R. Dodson, of Tribune Company, both of Chicago, for appellee.

Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago (Sarah E. Price and Heidi A. Katz, of counsel), for *amicus curiae* Illinois Association of School Boards.

Donald M. Craven, P.C., of Springfield (Donald M. Craven, of counsel), for *amicus curiae* Illinois Press Association.

Legal Assistance Foundation of Metropolitan Chicago (Wallace C. Winter, Diana White, and Brent Pennington, of counsel), Designs for Change (Sharon M. Weitzman, of counsel), Equip for Equality, Inc. (Laura Miller and Barry C. Taylor, of counsel), Chicago Lawyers Committee for Civil Rights Under Law, Parents United for Responsible Education (Sarah Vanderwicken, of counsel), and Northwestern University Law School, Bluhm Legal Clinic (John S. Elson and Angela Coin, of counsel), all of Chicago, *amici curiae*.

PRESIDING JUSTICE BURKE delivered the opinion of the court:

Defendant Board of Education of the City of Chicago (Board) appeals from an order of the circuit court denying the Board's motion to dismiss, pursuant to section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 1998)), an injunction action filed by plaintiff Chicago Tribune Company (Tribune) seeking certain student information under the Freedom of Information Act (Act) (5 ILCS 140/1 *et seq.* (West 1998)) and granting the Tribune's motion for sum-

mary judgment. On appeal, the Board contends that the requested data is *per se* exempt pursuant to section 7(1)(b)(i) of the Act (5 ILCS 140/7(1)(b)(i) (West 1998)), is exempt pursuant to section 7(1)(a) of the Act (5 ILCS 140/7(1)(a) (West 1998)) because the federal Education Rights and Privacy Act (federal act) (20 U.S.C. § 1232g (2000)) and the Illinois School Student Records Act (Student Records Act) (105 ILCS 10/6 (West 1998)) prohibit disclosure of the information, and the request is burdensome. On cross-appeal, the Tribune contends that the trial court erred in denying its request for attorney fees pursuant to the Act. For the reasons set forth below, we reverse.

## STATEMENT OF FACTS

On December 20, 1999, David Jackson, a Tribune reporter, submitted a request to the Board, pursuant to the Act, for the following information with respect to each student, approximately 1.1 million, current and noncurrent: school; room number; active or inactive status; leave code; medical status; guardian relationship code; special education status or code; cumulative absence for the semester; consecutive absences for the semester; race; transportation status and reason for transportation ("OK, IK, special education, *etc.*"); free or reduced lunch status; class rank; grade point average; zone; bilingual education status; date of birth; and standardized test scores. With respect to inactive students, who constituted approximately 678,000 individuals, Jackson requested information with respect to the date of departure, where the student went, and the reason for the departure (drop out, graduated, incarcerated, dead, home schooled, lost, etc.). Jackson also made a request for the Board's "membership database," seeking information as to the school, grade, number of students who belonged, number of students who entered, number of students who left, the total number of days absent, and the total number of days present. On March 17, 2000, the Board denied Jackson's request, stating that it was burdensome, there was a high risk of disclosure of personal information and, thus, the information was exempt pursuant to section 7(1)(b)(i) of the Act, and the federal act and the Student Records Act prohibited disclosure of the information. On August 24, the Tribune appealed the Board's decision denying its request for the information. On September 21, the Board denied the Tribune's appeal request.

On January 17, 2001, the Tribune filed a complaint for injunctive and other relief under the Act, seeking an order requiring the Board to disclose the information. On February 14, the Board filed a motion to dismiss the complaint pursuant to section 2—619 of the Code, contending that disclosure was prohibited by state and federal statutes

and that the request was overly burdensome and disruptive to the Board's proper and normal functioning. On May 10, the Tribune filed a motion for summary judgment, contending that the "masked" records it sought, without identifying information, were disclosable and that under *Bowie v. Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 538 N.E.2d 557 (1989), disclosure was required. The Tribune also sought attorney fees pursuant to section 11 of the Act. In its response to the Board's motion to dismiss, filed the same day, the Tribune argued that neither the Act nor other state or federal statutes prevented disclosure of the information it sought. In addition, the Tribune maintained that the request was not burdensome for the Board. On July 5, the Board replied to the Tribune's response to its motion to dismiss and responded to the Tribune's motion for summary judgment. On August 30, the Tribune filed a reply to the Board's response to its motion for summary judgment, arguing that this case involved a matter of profound public importance, that the Board could not meet its burden of showing that students could easily be traceable from the requested data, and that the request was not unduly burdensome.

On September 6, the trial court heard arguments on both the Board's and Tribune's motions. On September 26, the court filed its memorandum opinion and order. With respect to the Tribune's request, the court, citing *Bowie*, stated that "[t]his information [information about private citizens], if masked to hide the identity of the student, is subject to FOIA disclosure as they are no longer individual records." With respect to the federal act and the Student Records Act, the court first noted that if the Board's argument that the information sought was exempt under either of the acts, then a *per se* exemption applied and the court would not conduct any balancing of interests. The court concluded, however, that neither act prohibited disclosure because the data requested would not identify students or render their identities easily traceable. With respect to the Board's argument that the breadth of the request would allow the Tribune to easily identify students in some schools, the court stated that "[t]his may be true in certain isolated situations but not in the main," and, it was the court's opinion, that the "mere possibility of identification is not sufficient proof of an invasion of privacy." The court then noted that Jackson had agreed to execute an affidavit promising to keep the information confidential, which the court believed would protect the students' privacy interests. With respect to the Board's argument that disclosure would constitute an "unwar-

ranted invasion of privacy," citing "section 7(1)(a)(2),"[1] the court found this exemption not applicable for the reasons set forth with respect to the federal act and the Student Records Act.[2] With respect to the Board's contention that the request was burdensome because there was no current computer program to extract the data, the court found that the Board's expert's opinion was "less than helpful" because he based it only on an educated guess. The court then stated that the Board provided no authority, and it could not find any, indicating an amount or other factors to determine what amount of programing would be burdensome. Based on the above findings, the trial court denied the Board's motion to dismiss and granted the Tribune's motion for summary judgment. The court also denied the Tribune's request for attorney fees, finding that because the Tribune's request was so broad, the Board rightfully had concerns with respect to invasion of privacy and declined to award fees.

On October 3, the Board filed a motion to stay the trial court's September 26 order, which the trial court denied on October 10. This appeal and cross-appeal followed. On November 9, we granted the Board's motion to stay the trial court's order of September 26.[3]

## ANALYSIS

■ We review the trial court's decision with respect to a section 2—619 motion *de novo* (*Board of Managers of the Village Centre Condominium Ass'n v. Wilmette Partners*, 198 Ill. 2d 132, 137, 760 N.E.2d 976 (2001)), as well as its decision granting summary judgment (*Chicago Journeymen Plumbers' Local Union 130, v. Department of Public Health*, 327 Ill. App. 3d 192, 195, 761 N.E.2d 1227 (2001)).

■ The Act "implements the public policy of this state to provide its citizens with full access to information regarding the affairs of government. [Citations.] *** Upon receiving a proper request for information, a public body must comply with that request unless one of the exemptions applies under the Act." *Chicago Journeymen Plumbers' Local Union 130* , 327 Ill. App. 3d at 195. Section 7 of the Act sets forth various exemptions, providing, in pertinent part:

---

[1]We note that no such provision exists in the statute. However, based on the court's language of "unwarranted invasion of privacy," we assume it was referring to section 7(1)(b).

[2]The trial court's language demonstrates that it did not address the specific exemption set forth in subparagraph (b)(i) of section 7.

[3]The Tribune subsequently filed an agreed motion to accelerate the docket in this matter, which we took with the case on February 27, 2002. In light of the quickness in which the briefs were filed and oral argument was held, we need not consider this motion further.

"(1) The following shall be exempt from inspection and copying:

(a) Information specifically prohibited from disclosure by federal or State law or rules and regulations adopted under federal or State law.

(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. *** Information exempted under this subsection (b) shall include[,] but is not limited to:

(i) files and personal information maintained with respect to *** students or other individuals receiving social, medical, educational, vocational, financial, supervisory or custodial care or services directly or indirectly from federal agencies or public bodies[.]" 5 ILCS 140/7(1)(a), (1)(b) (West 1998).

Under subsection (b), two types of exemptions are set forth. The first, contained in the first sentence, delineates a general exemption and applies when a public body asserts that the requested information constitutes a clearly unwarranted invasion of personal privacy. *Chicago Journeymen Plumbers' Local Union 130*, 327 Ill. App. 3d at 196. The second type of exemption is specifically set forth in subparagraphs (i) through (v). Information falling under these exemptions is *per se* prohibited from disclosure. *Chicago Journeymen Plumbers' Local Union 130*, 327 Ill. App. 3d at 196. See also *Gibson v. Illinois State Board of Education*, 289 Ill. App. 3d 12, 20, 683 N.E.2d 894 (1997). If the public body contesting disclosure claims that the general exemption applies, the court must evaluate the information on a case-by-case basis and conduct a balancing test to determine whether the disclosure would constitute a clearly unwarranted invasion of personal privacy. *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 409, 680 N.E.2d 374 (1997); *Chicago Journeymen Plumbers' Local Union 130*, 327 Ill. App. 3d at 196. However, if the requested information falls within a *per se* exemption, the court shall conduct no further inquiry and must uphold the body's decision not to disclose the information. *Chicago Journeymen Plumbers' Local Union 130*, 327 Ill. App. 3d at 196; *Gibson*, 289 Ill. App. 3d at 21. "Personal information," as used in subparagraph (b)(i), has been defined as that information which is private and confidential. *Lieber*, 176 Ill. 2d at 412; *Chicago Journeymen Plumbers' Local Union 130*, 327 Ill. App. 3d at 197.

The Board first contends that the data requested by the Tribune falls within the exemption set forth in section 7(1)(b)(i) of the Act and, therefore, is *per se* prohibited from disclosure. According to the Board, the trial court ignored or overlooked this *per se* specific exemption.

In general, the Tribune responds that all exemptions under the Act are to be narrowly construed and are only applicable if the release of information would subject individual students to the risk of identification, which the Board cannot demonstrate. The Tribune argues that the Board simply advances a hypothetical that individual students could be identified, but that the mere possibility of identification does not equate to an invasion of privacy. The Tribune maintains that the privacy issue, and, thus, whether the exemption applies, depends entirely on identification and, where students cannot be identified, the exemption is not applicable. With respect to section 7(1)(b), the Tribune contends, relying on *Bowie*, that this exemption is not applicable to "masked" data, such as the data it has requested in the instant case. Additionally, the Tribune argues that the release of the data in the instant case would not affect any student's privacy because the Tribune has demonstrated, by affidavit, that it cannot and will not identify individual students.[4]

*Amicus curiae* Illinois Association of School Boards (Illinois Association) has filed a brief in support of the Board's position. According to the Illinois Association, there is a plethora of personal facts that the Tribune seeks and, it is possible, even in a large school district such as Chicago, that some students could personally be identified. According to the Illinois Association, although the trial court itself acknowledged this, it nonetheless found such possible identification inconsequential. With respect to the exemption set forth in section 7(1)(b)(i), the Illinois Association also maintains that the data and information sought by the Tribune falls squarely within this exemption. According to the Illinois Association, this court should set forth a bright-line rule so that all school districts in Illinois are treated equally and can act upon such requests in the same manner as the Board did in the instant case.

*Amicus curiae* Illinois Press Association (Press Association) has filed a brief in support of the Tribune's position. The Press Association maintains that the *per se* exemption does not apply in this case because that exemption applies only to personal information attached to specific individuals, whereas here the Tribune is not seeking confidential or private information but, rather, is seeking "masked" information.

Six other *amici curiae* public interest organizations (Organizations) also have filed a brief in support of the Tribune's position. The

---

[4]We agree with the Board's argument that whether or not the Tribune will improperly use the information is irrelevant to an analysis of whether certain material falls within the section 7(1)(b)(i) exception.

Organizations maintain that the starting point for any analysis under the Act is *Bowie*. The Organizations argue that here, as in *Bowie*, the Tribune is seeking only "masked" information and, therefore, the Tribune's request is not exempt.

Initially, we find that the trial court, the Tribune, and its *amici's* arguments with respect to the ability or inability to identify any particular student are irrelevant to any analysis under section 7(1)(b)(i). The clear and plain wording of the exemption does not contain any language with respect to identification of individuals in order to invoke the exemption. Likewise, the exemption does not contain any language such as, "However, if a particular student cannot be identified from the information, the body shall then disclose the information." We cannot read words into a statute that are not there. *In re Application of the County Treasurer & ex-officio Collector*, 323 Ill. App. 3d 1044, 1049, 753 N.E.2d 363 (2001). Moreover, it has been pointed out by several courts that where the legislature intended to exempt identification or make identification relevant, it explicitly stated so in that particular exemption. *Lieber*, 176 Ill. 2d at 411-12; *Chicago Journeymen Plumbers' Local Union 130*, 327 Ill. App. 3d at 197-98. Thus, those arguments with respect to the ability to identify students from the information sought are irrelevant to the analysis of whether the section 7(1)(b)(i) exemption is applicable.

Additionally, contrary to the arguments set forth by the Tribune and various *amici*, the *Bowie* decision is not relevant to analyzing the exemption set forth in subparagraph (b)(i) of section 7. Most importantly, this is true because the *Bowie* court simply did not address the subparagraph (b)(i) exemption.[5] *Bowie* addressed the general exemption in section 7(1)(b), *e.g.*, "unwarranted invasion of privacy."[6] The *Bowie* court did not address the language utilized in that exemp-

---

[5]On June 10, 2002, we granted the Tribune's motion for leave to supplement the record with the brief of the *Bowie* petitioner filed in the supreme court. According to the Tribune, this brief demonstrates that subparagraph (b)(i) was addressed by the *Bowie* court and that the *Bowie* court rejected application of this exemption to requests under the Act. Although the *Bowie* petitioner's brief does quote and reference subparagraph (b)(i), the petitioner makes no specific argument with respect to its application, nor an analysis of that exemption. The brief merely cites to this exemption, along with several others, and states that the *Bowie* petitioner's request under the Act was exempt.

[6]*Bowie* also addressed the exemption set forth in section 7(1)(a) and the Student Records Act. However, any discussion of the Student Records Act also is irrelevant in the instant case because it relates to the exemption only under paragraph (a), not paragraph (b) or any of the specific *per se* exemptions.

tion, specifically "personal information" or "files maintained with respect to students." If the applicability of subparagraph (b)(i) had been decided, we presume the supreme court would have discussed and analyzed it. In addition, it would be illogical to conclude that the *Bowie* court addressed subparagraph (b)(i) and found it inapplicable to requests under the Act, *sub silentio*, because such a holding would render subparagraph (b)(i) a nullity since it would basically write the exemption out of the Act. While subparagraph (b)(i) is a part of paragraph (b), both are clearly separate and distinct provisions and different analyses are applied to each provision. Thus, we do not find the Tribune's argument, that *Bowie* must have addressed subparagraph (b)(i) because it addressed paragraph (b), persuasive. We also note that the information sought in *Bowie*, standardized test scores by race, is not of the same kind or same type of information sought in the instant case. Accordingly, we conclude that *Bowie* does not control here.

Additionally, although our review is *de novo* and we are not bound by the trial court's decision, we note that the trial court failed to address the specific exemption under subparagraph (b)(i) of section 7 and it made no findings in this regard. Rather, the trial court only addressed the general exemption or the general "unwarranted invasion of privacy" provision and did not address the *per se* exemption set forth in subparagraph (b)(i). As such, based on our determination that *Bowie* does not control the analysis under subparagraph (b)(i), we also find that the trial court's reliance on *Bowie* was erroneous.

Substantively, we further find that the Tribune's request squarely falls within the exemption set forth in subparagraph (b)(i) of section 7. First, the exemption utilizes the very broad terms of "files *** maintained with respect to *** students." 5 ILCS 140/7(1)(b)(i) (West 1998). There can be no rational argument that the data requested by the Tribune is not contained in files maintained by the Board with respect to students. In fact, the testimony of the Board's expert witness, Frank Spoto, the manager of the Board's student information system (SIS), unequivocally and undisputedly demonstrates that such data is contained in approximately 50 files located in the SIS. As such, the exemption set forth in subparagraph (b)(i) is applicable to the instant case.

In addition, much, if not all, of the data requested would constitute "personal information" because it is private and confidential. One specific example of personal information is the information with respect to a student's receipt of free or reduced lunches. This is akin, if not the same, to a student's receipt of financial aid. Receipt of financial aid has been deemed confidential and private information.

*Gibson*, 289 Ill. App. 3d at 21. Moreover, the Tribune is asking for even more personal and confidential information in seeking a student's medical status, guardianship status, special education status, and bilingual status.

 Based on the foregoing, we conclude that the data requested by the Tribune falls within the *per se* exemption set forth in subparagraph (b)(i) of section 7. We therefore find that the Board properly refused to disclose the information requested by the Tribune. Accordingly, we hold that the trial court erred in denying the Board's motion to dismiss and in granting the Tribune's motion for summary judgment. Based upon our disposition, which terminates this matter in its entirety, we need not address the remaining issues raised by the parties, including the Tribune's cross-appeal.

## CONCLUSION

For the reasons stated, we reverse the judgment of the circuit court of Cook County.

Reversed.

GORDON and McBRIDE, JJ., concur.